IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSEPH R. FORD, SYLVIA CARROL, TODD BIBLE, on behalf of themselves and all other individuals and entities similarly situated in the State of Tennessee,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHPORT TECHNOLOGIES, LLC f/k/a SMART DOCUMENT SOLUTIONS, LLC and CHART ONE, INC.,<br><br>Defendants. | No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 *et. seq.*, Defendant, HealthPort Technologies, LLC ("HealthPort"), states as follows:

### Removal Under the Class Action Fairness Act

1. HealthPort is a Defendant in an action styled *Joseph R. Ford, Sylvia Carrol, Todd Bible, on behalf of themselves and all other individuals and entities similarly situated in the State of Tennessee v. HealthPort Technologies, LLC f/k/a Smart Document Solutions, LLC and Chart One, Inc.,* Case No. 163457-1, which was filed in the Chancery Court for Knox County, Tennessee on February 17, 2005. Copies of the pleadings and orders filed in this action are attached hereto and made a part hereof by reference as **Collective Exhibit A** and constitute all process, pleadings and orders served upon HealthPort in said action.

2. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), also known as the Class Action Fairness Act ("CAFA"), effective the day

after the Plaintiff filed the original complaint in this cause, February 18, 2005. Since that time, however, two patients/clients were added as co-Plaintiffs ; because the amendment to add these new plaintiffs is not directed to cure a mistake or a misnomer, the claims of the new Plaintiffs *do not* relate back to the original, pre-CAFA complaint under TENN. R. CIV. P. 15.03. *See Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.2d 446 (Tenn. Ct. App. 2001).

### Pertinent Procedural History- The Second Amended Complaint

3.   Over two years after CAFA's enactment, on August 16, 2007, Plaintiff, Joseph R. Ford, a Tennessee workers' compensation attorney, filed a motion for leave to file a Second Amended Complaint against the Defendants, HealthPort Technologies, LLC f/k/a Smart Document Solutions, LLC ("HealthPort") and ChartOne, Inc. ("ChartOne"), which the Chancery Court for Knox County, Tennessee granted on April 4, 2008.[1]

4.   The Second Amended Complaint, discussed in more detail below, adds two new plaintiffs, Sylvia Carroll and Todd Bible. Carroll allegedly purchased record copy services from HealthPort (Second Amended Complaint, ¶10) and Bible allegedly purchased record copy services from ChartOne (Second Amended Complaint, ¶11). The time period for the Plaintiffs' allegations is June 27, 2000 through the trial of this case.

5.   Ford filed the Second Amended Complaint to add Carroll and Bible in the wake of the efforts of the Defendants to dismiss the case on the grounds that the attorney, Ford, did not have standing to sue for the damages caused to his clients, nor did Ford have standing to amend the Complaint to add new parties. These objections were overruled by the Knox County

---

[1]   The motion for leave to file a Second Amended Complaint was filed during the pendency of the efforts of Healthport and ChartOne to obtain interlocutory appeal of the Chancellor's denial of their respective motions to dismiss for lack of standing. The Tennessee Supreme Court denied the applications of both Healthport and ChartOne for interlocutory appeal by order entered on March 3, 2008.

Chancery Court; the Tennessee Court of Appeals and the Tennessee Supreme Court denied the efforts of the Defendants for interlocutory review of the standing issue.

6. In addition to a class action allegation, the Second Amended Complaint asserts claims against Defendants for (1) equitable and injunctive relief; (2) violation of the Tennessee Workers' Compensation Statute, TENN. CODE ANN. § 50-6-101, *et seq.*; (3) violation of the Tennessee Consumer Protection Act, TENN. CODE ANN. § 47-18-101, *et seq.*; (4) breach of implied contract and breach of the covenant of good faith and fair dealing; (5) unjust enrichment; and (6) money had and received.

7. Chancellor John Weaver signed the order allowing the Second Amended Complaint on April 22, 2008. Neither HealthPort nor ChartOne, Inc. have been served with a copy of the Second Amended Complaint.

8. The named Plaintiffs assert for themselves and for various of the proposed, unnamed class members claims for equitable and/or injunction relief, violation of the Tennessee Workers' Compensation Law, TENN. CODE ANN. §§ 50-6-101, *et seq.*, negligent misrepresentation and fraud, violation of the Tennessee Consumer Protection Act ("TCPA"), TENN. CODE ANN. §§ 47-18-101 *et. seq.*, breach of fiduciary duty and/or confidential relationship, breach of implied contract, unjust enrichment, money had and received, and fraudulent concealment. (Ex. A, Complaint, Counts I-XII). These claims arise from the named Plaintiffs' and the proposed unnamed class members' purchase of medical records photocopying services in workers compensation cases within the State of Tennessee.

9. The named Plaintiffs for themselves and for the proposed, unnamed class members have alleged a time period as beginning on June 27, 2000 and continuing through the end of the trial of this cause. (Ex. A, Second Amended Complaint, ¶12).

10. The named Plaintiffs for themselves and for the proposed, unnamed class members seek damages (including punitive damages), disgorgement of funds, and a declaratory judgment with respect to the amounts charged by the Defendants for photocopying medical records in workers compensation litigation. They further seek a permanent injunction enjoining HealthPort and Defendant, ChartOne, Inc. from engaging in the conduct alleged in the Complaint. (Ex. A, Second Amended Complaint, prayers 3-4).

12. The named Plaintiffs seek for themselves and for the proposed, unnamed class members compensatory damages for the claims of fraud and unjust enrichment, as well as an order of accounting. (Ex. A, Second Amended Complaint, Section X, "Prayer for Relief").

13. In paragraph 5 of the Second Amended Complaint, Plaintiffs allege as follows:

> The total amount in controversy as to Plaintiffs and each individual member of the proposed class alleged herein, including actual, compensatory and treble damages; restitution; injunctive, declaratory and/or other equitable relief of any nature; and/or any other unspecified relief, does not exceed seventy-four thousand dollars ($74,999.99) per individual member of the proposed class. Plaintiffs seek no form of "common" recovery. Plaintiffs do not seek statutory attorneys' fees, but seeks attorneys' fees only from a common fund. Plaintiffs also assert no claim under the federal laws of the United States and his Tennessee law claims are not federally pre-empted and are required to be heard in a State of Tennessee forum.

14. With regard to the size of the class, Plaintiffs allege in paragraph 33 of the Second Amended Complaint that they do not know how large the class may be, "however, Plaintiffs believe that the class members are in the thousands..." The class itself is defined in paragraph 33 of the Second Amended Complaint as follows:

> All individuals and entities who, with respect to a request or subpoena for medical records or charts related to a Workers' Compensation case to health care providers or health care facilities licensed under the laws of Tennessee, were billed for and/or paid to any Defendant a charge for copies of medical records

C:\NRPORTBL\CONTENT\KBRYANT\4828976_1.DOC    4

Case 3:08-cv-00208-TWP-CCS   Document 1   Filed 05/21/08   Page 4 of 7   PageID #: 4

greater than the amounts prescribed by Tennessee statutory law, including TENN. CODE ANN. § 50-6-204.

The class shall exclude class counsel, their law firms, and any lawyer or employee of their law firms. The class shall also exclude Defendants and all directors, officers, agents and/or employees of Defendants.

15. From this review of the allegations of the Second Amended Complaint, Plaintiffs are alleging that there are at least 1,000 class members and each member is entitled to recover no greater than $74,999.00 (encompassing all damages of every nature). Using simple mathematics (1,000 x $74,999.00), Plaintiffs are alleging damages of nearly $7.5 million.

16. As a result, the amount-in-controversy requirement of $5,000,000.00 in the aggregate has been met. *See* 28 U.S.C. §1332(d)(2).

17. The named Plaintiffs seek for themselves and for the proposed, unnamed class members an award of attorneys' fees from a common fund. (Ex. A, Second Amended Complaint, Section X, "Prayer for Relief").

18. Defendant, Chart One, Inc., consents to the removal of this case to this Court.

19. By service of a copy of this Notice and all Exhibits hereto, written notice of the filing of this Notice of Removal is being given to all adverse parties as required by 28 U.S.C. § 1446(d).

20. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon HealthPort in the state court proceeding are filed herewith as Collective Exhibit A.

21. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is being filed within thirty days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading.

22. Furthermore, Plaintiffs have the burden of proof in demonstrating that an exception to CAFA jurisdiction applies. *See Kendrick v. Standard Fire Ins. Co.,* 2007 WL 1035018 (E.D. Ky., March 31, 2007)("The Sixth Circuit has not spoken on this point. However, the circuits that have examined the question have placed the responsibility for demonstrating an exception applies on the plaintiff."). Plaintiffs have not alleged in the Second Amended Complaint any disclaimer that their claims are not multi-state in nature and have therefore not met their burden that the exceptions to CAFA jurisdiction found in 28 U.S.C. §1332(d)(4)(A)(1)("the home-state exception"), 28 U.S.C. §1332(d)(4)(A)(ii)("the local controversy exception") and 28 U.S.C. § 1332(d)(3)("the interests of justice exception") apply to the facts alleged in the Second Amended Complaint.

WHEREFORE, Defendant, HealthPort Technologies, LLC f/k/a/ Smart Document Solutions, LLC, respectfully prays that the above-entitled action now pending against it in the Chancery Court for Knox County, Tennessee be removed to the United States District Court for the Eastern District of Tennessee.

Respectfully Submitted,

*/s/ Kenneth M. Bryant*

Kenneth M. Bryant (No. 12582)
E. Todd Presnell (No. 17521)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2433
(615) 244-9270

*Attorneys for Defendant,*
*HealthPort Technologies, LLC*

### CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served by mailing a copy of same to:

W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
315 Deaderick Street
Suite 2700
Nashville, TN 37238

Gordon Ball, Esq.
BALL & SCOTT
550 West Main Street, Suite 750
Knoxville, TN 37902

Bruce D. Fox
FOX & FARLEY
1107 Charles G. Seivers Blvd.
Clinton, TN 37716

Jay E. Kohlbusch
238 S. Peters Road, Bldg. N
Suite 101
Knoxville, TN 37923

on this the 20th day of May, 2008.

*/s/ Kenneth M. Bryant*