**COLLECTIVE EXHIBIT "A"**

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE
## AT KNOXVILLE

JOSEPH R. FORD, on behalf of himself and )
all other individuals and entities similarly )
situated in the State of Tennessee, )

          Plaintiff, )

vs. )

SMART DOCUMENT SOLUTIONS, LLC )
and CHART ONE, INC., )

          Defendants )

Case No.: 163457-1

CLASS ACTION

## CLASS ACTION COMPLAINT

Plaintiff Joseph R. Ford files this class action Complaint on behalf of himself and all other individuals and entities similarly situated in the State of Tennessee against the Defendants, Smart Document Solutions, LLC and Chart One, Inc. (collectively "Defendants"). This Complaint is alleged upon information and belief, except as to those allegations pertaining to the named Plaintiff, which are alleged on personal knowledge.

### I.    Nature of Class Action

1.    This is a class action against Defendants, record copy services which have violated public policy and Tennessee law by charging more for providing copies of medical records than is permitted under Tennessee statutory law, by intentionally misrepresenting their services, and by demanding prepayment in order to perpetuate and conceal their unlawful conduct. Defendants have persisted in their unlawful conduct and their violations of public policy despite repeated requests that they comply with Tennessee laws and public policy.

2.    This class action seeks primarily injunctive and equitable relief, and also recovery of damages, pursuant to the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, et seq., the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, et seq., and the common laws of the State of Tennessee.

3.    Venue is proper in this Court because the medical records at issue were located and copied in Knox County and/or because all or part of Defendants' uniform conduct alleged herein occurred in Knox County. Further, the facts giving rise to Plaintiff's claims occurred within and/or substantially affected Tennessee trade, commerce and public policy.

4.    As a result of the unlawful higher prices paid for copies of medical records within Knox County, and throughout Tennessee, Defendants, directly or through their subsidiaries, affiliates or agents, obtained the benefits of the laws of the State of Tennessee and the Tennessee market for copies of medical records.

5.    The total amount in controversy as to Plaintiff and each individual member of the proposed class alleged herein, including actual, compensatory, treble or punitive damages; restitution; injunctive, declaratory and/or other equitable relief of any nature; and/or any other unspecified relief, does not exceed seventy-four thousand dollars ($ 74,000.00) per individual member of the proposed class. Plaintiff seeks no form of "common" recovery. Plaintiff does not seek statutory attorneys' fees, but seeks attorneys' fees only from a common fund. Plaintiff also asserts no claim under the federal laws of the United States. Plaintiff's Tennessee law claims are not federally pre-empted and are required to be heard in a State of Tennessee forum.

6.    Without limiting the generality of the foregoing, Plaintiff alleges that Defendants (directly or through agents who were at the time acting with actual and/or apparent authority and within the scope of such authority) have:

A. Transacted business in Tennessee and Knox County;

B. Contracted to import or supply into or obtain services or goods in Tennessee and in Knox County;

C. Intentionally availed themselves of the benefits of doing business in Tennessee and in Knox County;

D. Produced, promoted, imported, sold, marketed, and/or distributed products or services in Tennessee and in Knox County and, thereby, purposefully profited from access to the markets of Tennessee and Knox County;

E. Caused tortious damage by act or omission in Tennessee and in Knox County;

F. Caused tortious damage in Tennessee and Knox County by acts or omissions committed outside of Tennessee while:

- Regularly doing or soliciting business in Tennessee; and/or

- Engaging in other persistent courses of conduct within Tennessee, and/or

- Deriving substantial revenue from goods used or consumed or services rendered in Tennessee and in Knox County.

G. Committed acts and omissions that Defendants knew or should have known would cause damage (and, in fact, did cause damage) in Tennessee to the Plaintiff and the proposed class while:

- Regularly doing or soliciting business within Tennessee, engaging in other persistent courses of conduct within Tennessee; and/or

- Deriving substantial revenue from goods used or consumed or services rendered in Tennessee and in Knox County.

H. Otherwise had the requisite minimum contacts with Tennessee and Knox County such that, under the circumstances, it is fair and reasonable to require Defendants to come to this Court to defend this action.

7. Plaintiff, the proposed class, and all Tennessee consumers have an interest in upholding the laws and public policies of Tennessee, and interest in the economic health

Complaint - 3

1 and well-being of those who reside or transact business in Tennessee, and interest in
2 assuring the presence of an honest marketplace in which economic activity is conducted
3 pursuant to Tennessee law and public policy and in a competitive manner, without fraud,
4 deception or collusion, for the benefit of marketplace participants, and an interest in
5 upholding the rules of law generally. Defendants' conduct injured these interests.

6      8.     Thus Plaintiff, on behalf of himself and the proposed class, brings suit under
7 the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*, the
8 Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, and the
9 common laws of the State of Tennessee.

10 **III.**    **The Parties**

11      9.     Plaintiff Joseph R. Ford is a practicing attorney and a resident of Loudon
12 County, Tennessee. Plaintiff Ford maintains his principal place of business at Arnold,
13 Harris & Ford, 501 Mulberry Street, Loudon, Tennessee 37774.

14      10.     Defendant Smart Document Solutions, LLC is a foreign corporation with its
15 principal place of business located at 120 Bluegrass Valley Parkway, Alpharetta, Georgia
16 30005. Smart Document Solutions, LLC may be served through its registered agent
17 Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

18      11.     Defendant Chart One, Inc. is a foreign corporation with its principal place of
19 business located at Three New England Executive Park, Suite 200, Burlington,
20 Massachusetts 01803. Chart One, Inc. may be served through its registered agent CT
21 Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

22 **IV.**    **Time Period**

23      12.     The relevant time period begins on June 27, 2000 and continues through the
24 end of the trial of this cause.

25

## V. Relevant Market

13.     As to the claims so requiring, the relevant product market is the Tennessee market for the copying and/or reproduction of medical records relating to Workers' Compensation in any format or on any media. At all relevant times up to and including the present, Defendants had substantial and/or dominant market share in the relevant product and geographic markets.

## VI. Factual Allegations

### A. Plaintiff Ford's requests for Workers' Compensation medical records

14.     Plaintiff Ford is an attorney who regularly represents Workers' Compensation clients in injury claims in Tennessee and in Knox County.

15.     In his capacity as counsel for his clients, Plaintiff Ford lawfully requested Workers' Compensation medical records from Defendants.

16.     True and correct copies of records detailing the following requests from Plaintiff Ford to Defendants for Workers' Compensation medical records are attached hereto as collective Exhibits A through F, and which are incorporated herein as if set forth in full:

    A. On September 11, 2003 Plaintiff Ford requested medical records from Spine Knoxville. Plaintiff Ford received medical records and an invoice from Defendant Smart Document Solutions, LLC on September 24, 2003. The invoice listed charges totaling $ 25.97, which included a basic fee charge of $ 20.00.

    B. On April 16, 2003, Plaintiff Ford requested medical records from Dr. Elmer Pinzon. Plaintiff Ford received an invoice from Defendant Smart Document Solutions, LLC dated April 29, 2003. The invoice listed charges totaling $ 22.23, which included a basic fee charge of $ 20.00.

C. On June 3, 2004, Plaintiff Ford requested medical records from Fort Sanders Loudon Medical Center. Plaintiff Ford received an invoice from Defendant Chart One, Inc. dated June 22, 2004 in the amount of $ 43.87, which included a basic fee charge of $ 15.00 and a copy fee of $ 24.00.

D. On April 15, 2004, Plaintiff Ford requested medical records from Park West Hospital. Plaintiff Ford received an invoice from Defendant Chart One, Inc. dated April 16, 2004. The invoice listed charges totaling $ 33.99, which included a basic fee charge of $ 15.00 and a copy fee of $ 15.00.

E. On January 20, 2003, Plaintiff Ford requested medical records from Fort Sanders Loudon Medical Center. Plaintiff Ford received an invoice from Defendant Chart One, Inc. dated January 31, 2003 in the amount of $ 32.07, which included a basic fee of $ 15.00 and a copy fee of $ 13.50.

F. On August 18, 2004, Plaintiff Ford requested medical records from Fort Sanders Loudon Medical Center. Plaintiff Ford received an invoice from Defendant Chart One, Inc. dated September 8, 2004 in the amount of $ 26.17, which included a basic fee of $ 15.00 and a copy fee of $ 8.25.

17. Each of the transactions evidenced by Exhibits A through F were transactions in which Defendants charged more for providing copies of medical records than is permitted under Tennessee's Medical Records Act of 1974, Tenn. Code Ann. §§ 68-11-301 et seq., the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, et seq., Tenn. Code Ann. §§ 63-2-101 and 63-2-102, and the common laws of the State of Tennessee. Plaintiff Ford was forced to pay more for the requested copies of medical records, and in some instances the entire amount of the invoice, than is permitted under Tennessee law, as evidenced by Exhibits A through F.

**B. Defendants and Tennessee health care providers and facilities**

18. Tennessee law and public policy require health care providers and health care facilities to create and maintain medical records. Additionally, health care providers and health care facilities are required to keep all such medical records confidential. By virtue of these requirements, health care providers and health care facilities in Tennessee exercise substantial, if not complete, control over the creation and maintenance of medical charts and records.

19. Under Tennessee law and public policy, and by virtue of their substantial control over the creation and maintenance of medical charts or records, health care providers and facilities in Tennessee such as Spine Knoxville, Dr. Elmer Pinzon, Fort Sanders Loudon Medical Center, and Park West Hospital have a confidential relationship with, and a fiduciary duty to, those who lawfully request those records with respect to the creation and maintenance of the records and the provision of the records upon lawful request.

20. In order to fulfill their obligations under Tennessee law and public policy with respect to the provision of medical records upon lawful request, health care providers and facilities in Tennessee such as Spine Knoxville, Dr. Elmer Pinzon, Fort Sanders Loudon Medical Center, and Park West Hospital have appointed Defendant Smart Document Solutions LLC and/or Defendant Chart One, Inc. as designated agents for providing copies of patient records upon lawful request. Upon information and belief, Defendants have similar arrangements with other health care providers and health care facilities in Tennessee and in Knox County.

21. Where, as in the case of Defendants' arrangements with health care providers and facilities in Tennessee such as Spine Knoxville, Dr. Elmer Pinzon, Fort Sanders Loudon Medical Center, and Park West Hospital, a health care provider or health

1  care facility has designated a third party as a designated agent for providing copies of
2  patient medical records upon lawful request, individuals and entities requesting copies of
3  such medical records are compelled to contract with the third party, for example
4  Defendants, if they wish to receive copies of the medical records. The requesting
5  individuals and entities by necessity must rely upon the designated agent, for example
6  Defendants, to diligently search for and retrieve all requested medical records, to make true
7  and correct copies of the records, to maintain the confidentiality of the records, to provide
8  true and correct copies of the records in accordance with Tennessee law and public policy,
9  and to charge for these copies in accordance with Tennessee law and public policy,
10  including the Tennessee Medical Records Act of 1974, the Tennessee Workers'
11  Compensation Law, Tenn. Code Ann. §§ 63-2-101 and 63-2-102, and Tennessee common
12  law. The relationship and contract between the requesting individuals and entities and the
13  designated agent of the health care provider or health care facility, therefore, is not an
14  arm's length relationship and contract. Instead, the relationship is characterized by the
15  designated agent's overmastering influence on the one hand, and the requesting individual
16  or entity's dependence and justifiable trust and reliance on the other.

17    22.    By agreeing to serve as designated agents for health care providers and
18  facilities in Tennessee such as Spine Knoxville, Dr. Elmer Pinzon, Fort Sanders Loudon
19  Medical Center, and Park West Hospital for fulfilling medical copy requests, Defendants
20  agreed to, assumed and undertook a confidential relationship with, and a fiduciary duty to,
21  those, such as Plaintiff Ford, who lawfully requested medical records with respect to the
22  provision of medical record copies and the charging of fees for such copies.

23

24

25

23.    Under Tennessee law and public policy, health care providers and health care facilities are required to retain original copies of medical records and charts. Tenn. Code Ann. § 68-11-303; Tenn. Code Ann. §§ 63-2-101 and 63-2-102.

24.    Under the Tennessee Medical Records Statute, with regard to medical records maintained by a hospital "[t]he charges to a patient or lawyer authorized by the patient to review the patient's records shall not exceed the reasonable costs for copying and the actual costs of mailing the records." Tenn. Code Ann. § 68-11-304. Under Tenn. Ann. § 63-2-102, with regard to medical records maintained by a health care provider, the charges also shall not exceed the "reasonable costs of copying and mailing." These "reasonable" costs for providing medical records are specifically set out and limited by Tenn. Code Ann. § 68-11-304, Tenn. Code Ann. § 63-2-102 and, with regard to Workers' Compensation medical records, by the Tennessee Workers' Compensation Law at Tenn. Code Ann. § 50-6-204.

25.    Tenn. Code Ann. § 50-6-204 states that when a request for medical records is served regarding a Workers' Compensation claim to a Tennessee hospital or Tennessee health care provider, the hospital or health care provider must:

furnish to the employer or to the employer's insurer and to the employee or the employee's attorney a complete medical report at a charge not to exceed ten dollars ($ 10.00) for reports twenty (20) pages or less in length and twenty-five cents (25 cent(s)) per page for each page copied after the first twenty (20) pages, as to the claimed injury, its effect upon the employee, the medical treatment prescribed, an estimate of the duration of required hospitalization, if any, and an itemized statement of charges for medical services to date. If an employer or an insurer has not previously requested

## C. Tennessee statutory provisions regarding medical records

23.    Under Tennessee law and public policy, health care providers and health care facilities are required to retain original copies of medical records and charts. Tenn. Code Ann. § 68-11-303; Tenn. Code Ann. §§ 63-2-101 and 63-2-102.

24.    Under the Tennessee Medical Records Statute, with regard to medical records maintained by a hospital "[t]he charges to a patient or lawyer authorized by the patient to review the patient's records shall not exceed the reasonable costs for copying and the actual costs of mailing the records." Tenn. Code Ann. § 68-11-304. Under Tenn. Code Ann. § 63-2-102, with regard to medical records maintained by a health care provider, the charges also shall not exceed the "reasonable costs of copying and mailing." These "reasonable" costs for providing medical records are specifically set out and limited by Tenn. Code Ann. § 68-11-304, Tenn. Code Ann. § 63-2-102 and, with regard to Workers' Compensation medical records, by the Tennessee Workers' Compensation Law at Tenn. Code Ann. § 50-6-204.

25.    Tenn. Code Ann. § 50-6-204 states that when a request for medical records is served regarding a Workers' Compensation claim to a Tennessee hospital or Tennessee health care provider, the hospital or health care provider must:

furnish to the employer or to the employer's insurer and to the employee or the employee's attorney a complete medical report at a charge not to exceed ten dollars ($ 10.00) for reports twenty (20) pages or less in length and twenty-five cents (25 cent(s)) per page for each page copied after the first twenty (20) pages, as to the claimed injury, its effect upon the employee, the medical treatment prescribed, an estimate of the duration of required hospitalization, if any, and an itemized statement of charges for medical services to date. If an employer or an insurer has not previously requested

copies of such records from a physician or hospital, then an attorney for an employer may request such records under this subdivision.

26. The duty of any party providing copies of medical records in Tennessee, including Defendants, to charge no more than the specified rates for providing copies of medical records is a duty imposed by public policy, embodied in Tennessee's Medical Records Act of 1974, Tenn. Code Ann. §§ 68-11-301 *et seq.*, the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*, Tenn. Code Ann. §§ 63-2-101 and 63-2-102.

27. The charges set forth in the invoices submitted to Plaintiff Ford and detailed in Exhibits A through F, incorporated herein in full, were and are illegal, excessive and in violation of the limits set forth in Tennessee statutory law and Tennessee public policy in that Defendants billed for basic fees, copy fees and shipping at rates greater than that which is permitted.

28. Upon information and belief, Defendants also uniformly and routinely demand and require pre-payment of invoices and charges before providing copies of medical records to individuals and entities who lawfully request such medical records. Such demands for pre-payment further Defendants' fraudulent, unlawful and wrongful conduct in overcharging for providing medical records, and are intended to diminish the ability of the requesting parties to detect and/or dispute such overcharges.

29. Prior to issuing the invoices, Defendants had received notice that their medical record billing practices were in violation of Tennessee law and public policy, but nevertheless knowingly persisted in submitting illegal bills to individuals and entities who requested medical records in Tennessee pursuant to Tennessee law.

30.    As a result of Defendants' unlawful and wrongful conduct, Plaintiff and the proposed class were caused to sustain damages and losses including but not limited to payment of unlawful medical record charges.

31.    Defendants' unlawful and wrongful conduct was intentional, willful, wanton, reckless and outrageous. Defendants had actual knowledge of the existence and requirements of the relevant Tennessee statutory laws, common laws and public policies, but nevertheless persisted in their unlawful conduct to suit their own convenience and/or economic motives.

## VII.    Class Action Allegations

32.    Plaintiff brings this action pursuant to Rule 23 of the Tennessee Rules of Civil Procedure on behalf of himself and as a representative of a class defined as follows:

All individuals and entities who, with respect to a request or subpoena for medical records or charts related to a Workers' Compensation case to health care providers or health care facilities licensed under the laws of Tennessee, were billed for and/or paid to any Defendant a charge for copies of medical records greater than the amounts prescribed by Tennessee statutory law, including Tenn. Code Ann. § 50-6-204.

The class shall exclude class counsel, their law firm, and any lawyer or employee of their law firm. The class shall also exclude Defendants and all directors, officers, agents and/or employees of Defendants.

33.    The requirements of Rules 23.01, 23.02(1), 23.02(2) and 23.02(3) of the Tennessee Rules of Civil Procedure have been met in that:

A. Plaintiff does not know the exact size of the class, since such information is in the exclusive control of Defendants. The exact number of class members may

be determined by appropriate discovery. Based on the nature of commerce involved, however, Plaintiff believes that the class members are in the thousands and that members of the class are so numerous and geographically dispersed throughout the State of Tennessee so that joinder of all members would be impracticable;

B. Plaintiff's claims are typical of other class members' claims because each class member has been injured through the uniform misrepresentations, omissions and conduct described herein and have been invoiced for and/or paid monies to Defendants without having been informed that they were paying unlawful and improper prices for copies of medical records. Accordingly, by proving his own claims, Plaintiff will presumptively prove the claims of all class members; and

C. Plaintiff can and will fairly and adequately represent and protect the interests of the class and has no interest that conflicts with or is antagonistic to the interests of the class. Plaintiff has retained attorneys who are experienced and competent in complex class action and consumer litigation and law. No conflict exists between Plaintiff and the class members because:

    A. The claims of the named Plaintiff are typical of the absent class members' claims;

    B. All of the questions of law and fact regarding the liability of Defendants are common to the class and overwhelmingly predominate over any individual issues, such that, by prevailing on his own claims, Plaintiff will necessarily establish Defendants' liability to all class members;

C. Without the representation provided by Plaintiff, virtually no class member would receive legal redress or representation for their injuries; and

D. Plaintiff an his counsel have the necessary financial resources to adequately and vigorously litigate this class action and Plaintiff and his counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

D. Virtually all of the issues of law and fact in this class action are common to each class member and include at least the following:

A. Whether equitable and/or injunctive relief is appropriate to enjoin further transactions and conduct of the nature alleged herein;

B. Whether Defendants engaged in the conduct alleged herein;

C. Whether there is statutory authority for Defendants' actions and conduct as alleged herein;

D. Whether Defendants' actions as alleged herein are in violation of Tennessee law and/or Tennessee public policy;

E. Whether Plaintiff and the class members have sustained damages, and what is the proper measure of damages; and

F. Whether damages should be trebled in accordance with the provisions of Tennessee law.

Complaint - 13

1    34.    Class certification is appropriate under Rule 23.02 of the Tennessee Rules of

2    Civil Procedure because a class action is the superior procedural vehicle for the fair and

3    efficient adjudication of the claims asserted herein, given that:

4        A.  Common questions of law and fact overwhelmingly predominate over any

5            individual questions that may arise and, consequently, there would be

6            enormous economies to the courts and to the parties in litigating the common

7            issues on a class-wide basis instead of on a repetitive individual basis;

8        B.  The size of each class member's individual damage claim is too small to make

9            individual litigation an economically viable alternative, such that few class

10          members have any interest in individually bringing or controlling the

11          prosecution of separate actions;

12        C.  Class treatment is required for optimal deterrence and compensation and for

13          limiting the court-awarded reasonable legal expenses incurred by class

14          members;

15        D.  Despite the relatively small size of each individual class member's claim, the

16          aggregate volume of said claims, coupled with the economies of scale inherent

17          in litigating similar claims on a common basis, will enable this case to be

18          litigated as a class action on a cost effective basis, especially when compared

19          with repetitive individual litigation; and

20        E.  No unusual difficulties are likely to be encountered in the management of this

21          class action in that all questions of law or fact to be litigated at the liability

22          phase are common to all class members.

23    35.    Class certification is appropriate under Rule 23.02(2) of the Tennessee Rules

24    of Civil Procedure because Defendants have acted on grounds generally applicable to the

25    class.

36.     Class certification is also appropriate pursuant to Rule 23.02(1) of the Tennessee Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual members of the class which may, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or which may substantially impair or impede their ability to protect their interests.

37.     Plaintiff and the class members seek injunctive relief in the form of an order requiring Defendants to discontinue their unlawful and wrongful pricing and conduct.

## VI.     Claims for Relief

### First Claim

### Equitable and/or Injunctive Relief

38.     Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

39.     The duty of Defendants as a party providing copies of medical records under Tennessee laws is a duty imposed by public policy as embodied in Tennessee's Medical Records Act of 1974, Tenn. Code Ann. §§ 68-11-301, *et seq.*, the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*, Tenn. Code Ann. §§ 63-2-101 and 63-2-102, and the common laws of the State of Tennessee.

40.     Defendants' conduct, as described in this Complaint, was and is unlawful and in violation of the public policies of the State of Tennessee.

41.     Plaintiff and the class members request that this Court enjoin Defendants from continuing the unlawful and wrongful conduct described in this Complaint and Order that Defendants cease and desist such conduct immediately.

## Second Claim

## Violation of Tennessee's Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*

42.  Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

43.  Defendants conduct, as described in this Complaint, was and is in violation of Tennessee's Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*

44.  The duty of Defendants in providing copies of medical records in Tennessee is to charge no more than the specified rates for providing copies of medical records. This duty is imposed by public policy, as embodied in Tennessee's Medical Records Act of 1974, Tenn. Code Ann. §§ 68-11-301 *et seq.*, the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-101, *et seq.*, Tenn. Code Ann. §§ 63-2-101 and 63-2-102.

45.  The charges set forth in the invoices submitted to Plaintiff Ford and detailed in Exhibits A through F, incorporated herein in full, were and are illegal, excessive and in violation of the limits set forth in the Tennessee Workers' Compensation Law at Tenn. Code Ann. § 50-6-204, in that Defendants billed for basic fees, copy fees and shipping at rates greater than that which is permitted.

46.  Defendants' conduct, as described in this Complaint, constituted willful or reckless or wanton acts or omissions.

47.  The damages and losses sustained by Plaintiff and the class members were caused by Defendants' conduct and violations of the provisions of the Tennessee Workers' Compensation Law at Tenn. Code Ann. § 50-6-204.

48.  As a result of Defendants' violations of the provisions of the Tennessee Workers' Compensation Law at Tenn. Code Ann. § 50-6-204, Plaintiff and the class

1 members were caused to suffer damages, losses and injury to themselves and their property
2 as described above.

### Third Claim

### Uniform Negligent Misrepresentation and Fraud

3
4
5     49.    Plaintiff repeats and realleges each of the foregoing allegations of this
6 Complaint with the same force and effect as if fully set forth herein.

7     50.    At all material times, Defendants uniformly represented expressly and/or by
8 implication that the rates charged by Defendants for providing medical records were legal,
9 that Defendants had the authority to charge such rates, and that the invoices sent to
10 Plaintiff and the class members were authorized under Tennessee law and public policy.

11     51.    At all material times, Defendants uniformly failed to disclose that their
12 actions and conduct and the charges contained in their invoices were in violation of
13 Tennessee statutory law, common law and public policy.

14     52.    Defendants made their representations and/or non-disclosures in order to
15 deceive the unsuspecting Plaintiff and class members into commencing and/or continuing a
16 contractual relationship between the parties or to not assert their rights against
17 Defendants under Tennessee law or otherwise.

18     53.    The misrepresentations and/or non-disclosures of Defendants were material
19 in encouraging Plaintiff and the class members to comply with Defendants' unlawful and
20 wrongful demands for payment of their invoices at rates higher than allowed by Tennessee
21 law and public policy.

22     54.    Such misrepresentations and/or non-disclosures were false when made, and
23 Defendants made these misrepresentations and/or non-disclosures with knowledge of their
24 falsity, with recklessness as to their truth or falsity, without knowledge as to their truth or
25

1  falsity, and/or under circumstances in which Defendants ought to have known of their
2  falsity.

3      55.    Defendants intended that Plaintiff and the class members rely on
4  Defendants' misrepresentations and/or non-disclosures.

5      56.    Plaintiff and the class members justifiably relied upon the
6  misrepresentations and/or non-disclosures of Defendants as set forth above.

7      57.    The damages and losses sustained by Plaintiff and the class members were
8  caused by the uniform fraudulent and/or negligent misrepresentation of Defendants.

9      58.    As a result of the uniform fraudulent and/or negligent misrepresentation by
10  Defendants, Plaintiff and the class members were caused to suffer damages and losses as
11  set forth above.

## Fourth Claim

### Violation of the Tennessee Consumer Protection Act
### Tenn. Code Ann. §§ 47-18-101, *et seq.*

15      59.    Plaintiff repeats and realleges each of the foregoing allegations of this
16  Complaint with the same force and effect as if fully set forth herein.

17      60.    Defendants are in the business of copying, reproducing and providing medical
18  records, and engage in trade, commerce and consumer transactions as those terms are
19  defined in the Tennessee Consumer Protection act, Tenn. Code Ann. § 47-18-103.

20      61.    Plaintiff and the class members are consumers as that term is defined in the
21  Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-103.

22      62.    The damages and losses sustained by Plaintiff and the class members, and
23  their property, were caused by Defendants' violations of the Tennessee Consumer
24  Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*

63. At all relevant times, Defendants used deceptive representations, material non-disclosures, and misrepresented their conduct as being lawful in order to encourage parties requesting medical records to pay the unlawful charges demanded by Defendants for medical records lawfully requested under Tennessee law.

64. As a result of Defendants' violations of the Tennessee Consumer Protection Act, §§ 47-18-101, *et seq.*, Plaintiff and the class members were caused to suffer damages and losses as set forth above.

65. Upon information and belief, Defendants' conduct and method of operation as set forth above is routine and uniform.

66. Plaintiff and the class members have lost an ascertainable amount of money due to the aforesaid actions and conduct of Defendants.

## Fifth Claim

### Breach of Fiduciary Duty and/or Confidential Relationship

67. Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

68. At all relevant times, Defendants had a confidential relationship with and/or a fiduciary duty to each individual or entity who made a lawful request for medical records, which respect to the provision of copies of medical records and lawful charges for such provision.

69. As a result of this confidential and fiduciary relationship, Defendants had a duty to act for the benefit of individuals or entities, including Plaintiff and the class members, requesting medical records, while subordinating Defendants' own interests to those of the requesting parties.

70.     Defendants' conduct, as described above, constituted a breach or breaches of Defendants' fiduciary duty to, and/or confidential relationship with, Plaintiff and the class members.

71.     As a result of Defendants' breaches of fiduciary duty and/or confidential relationship, Plaintiff and the class members were caused to suffer damages as set forth above.

### Sixth Claim

### Breach of Implied Contract and Breach of the Covenant of Good Faith and Fair Dealing

72.     Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

73.     Every invoice Defendants presented to an individual or entity requesting copies of medical records from a health care provider or health care facility constituted Defendants' agreement to provide copies of medical records to the requesting parties consistent with Tennessee law and public policy. These invoices are already in Defendants' possession and accordingly are not attached to this Complaint. The invoices presented to Plaintiff are attached hereto as collective Exhibits A through F.

74.     Implied in each such agreement is the duty of good faith and fair dealing.

75.     By agreeing to provide medical records, Defendants implicitly agreed to comply with Tennessee law as described above, and to act in good faith with respect to the provision of, and billing for, copies of medical records.

76.     Defendants' conduct, as described above, constitutes a breach or breaches of the contracts between Defendants and the Plaintiff, and the contracts between Defendants and each class member, as well as the implied covenant of good faith implied in each such contract.

77. As a result of Defendants' breaches of the contracts and breaches of the implied covenants of good faith and fair dealing, Plaintiff and the class members suffered damages and losses as set forth above.

### Seventh Claim

### Uniform Intentional Misrepresentation and Fraud in the Inducement of the Contract

78. Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

79. Defendants represented to Plaintiff and the class members that the charges assessed by Defendants were legal and legitimate. Such representations were false and were made by Defendants when they knew that the representations were false. The acts and practices described in this Complaint, including the false representations, amounted to a uniform course of illegal and fraudulent conduct.

80. Defendants' misrepresentations related to existing facts and were to the character and condition of the charges for copies of medical records.

81. Plaintiff and the class members were induced to act by Defendants' misrepresentations concerning the charges, and did act, in ignorance of the falsity of the representations and with a reasonable belief that the representations were true.

82. As a direct and proximate consequence of Defendants' improper and unlawful conduct, Plaintiff and the class members were damaged by their reasonable reliance upon Defendants' misrepresentations as set forth above.

83. Defendants are guilty of perpetrating uniform and intentional misrepresentations upon Plaintiff and the class members.

84. Defendants are liable to Plaintiff and the class members for the harm caused to them by their justifiable reliance on Defendants' intentional misrepresentations.

18 | upon Defendants' misrepresentations.

19       90.     Defendants are liable to Plaintiff and the class members for the pecuniary

20 | loss caused to them by their justifiable reliance upon the information provided by

21 | Defendants.

22               **Tenth Claim**

23             **Unjust Enrichment**

24       91.     Plaintiff repeats and realleges each of the foregoing allegations of this

25 | Complaint with the same force and effect as if fully set forth herein.

## Ninth Claim

### Uniform Negligent Misrepresentation and Fraud

85.    Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

86.    Defendants, in the course of their business and in the course of transactions in which they had a pecuniary interest, supplied uniform false information for the guidance of Plaintiff and the class members and failed to exercise reasonable care or competence in obtaining or communicating that information. Defendants knew the true nature of the wrongful and unlawful charges.

87.    Defendants' misrepresentations related to existing facts and were to the character and condition of the charges for providing copies of medical records. The misrepresentations constituted material inducements to Plaintiff and the class members to do business with Defendants and to pay the charges invoiced.

88.    Plaintiff and the class members were induced to act by Defendants' misrepresentations, and did act, in ignorance of the falsity of the representations and with a reasonable belief that the representations were true.

89.    Plaintiff and the class members were injured by their reasonable reliance upon Defendants' misrepresentations.

90.    Defendants are liable to Plaintiff and the class members for the pecuniary loss caused to them by their justifiable reliance upon the information provided by Defendants.

### Tenth Claim

### Unjust Enrichment

91.    Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

92. Defendants, by the conduct described in this Complaint, have been unjustly enriched in a manner which warrants a judicial determination that a constructive trust exists by and between Defendants and Plaintiff and class members.

93. Defendants have benefited from their wrongful and unlawful acts through overpayment by Plaintiff and the class members for wrongful and unlawful charges and fees as described above.

94. As a direct and proximate consequence of Defendants' conduct, Plaintiff and the class members paid increased and unlawful profits to Defendants. In equity, Defendants should not be allowed to retain the economic benefit derived from said improper, unfair and deceptive conduct and should be forced to pay restitution and pre-judgment interest to Plaintiff and the class members.

95. Defendants' unlawful conduct will continue unless the relief prayed for herein is granted.

## Eleventh Claim

## Money Had and Received

96. Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

97. Based upon the foregoing fraudulent, illegal, unfair and/or deceptive conduct of Defendants, Plaintiff and the class members made overpayments to Defendants in the form of wrongful and unlawful charges and fees for production of medical records. Defendants therefore owe Plaintiffs and the class members for money had and received.

## Twelfth Claim

## Uniform Intentional Fraudulent Concealment

98. Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

99. Defendants misrepresented facts by silence or statements when they failed to disclose their knowledge of the true nature of the wrongful and unlawful charges described in this Complaint.

100. Plaintiff and the class members could not have learned of the true nature of the wrongful and unlawful charges through common observation.

101. Defendants had a duty to disclose their knowledge of the true nature of the wrongful and unlawful charges to Plaintiff and the class members. Defendants knew all of the material circumstances, and Plaintiff and the class members did not.

102. Defendants did not disclose enough information to prevent their statements regarding the wrongful and unlawful charges from being misleading.

103. Defendants knew Plaintiff and the class members acted without knowledge of this material information and were without reasonable means to acquire this material information.

104. Plaintiff and the class members were injured by Defendants' failure to disclose the true nature of the wrongful and unlawful charges for the production of medical records.

**VII    Fraudulent Concealment, Equitable Tolling and Continuing Violations**

105. Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

106. Plaintiff and the class members did not discover and could not have discovered through the exercise of reasonable diligence the existence of the claims sued upon herein until immediately prior to commencing this civil action.

107. Plaintiff and the class members' inability to discover said claims were directly attributable to the Defendants' active concealment of the true nature of the unlawful and wrongful overcharges described in this Complaint.

108.   Upon each and every instance that Defendants failed to disclose said facts, Defendants knew or should have known that the undisclosed information was material to Plaintiff and the class members' decisions to do business with Defendants and to pay the charges invoiced by Defendants.

109.   Defendants actively concealed said facts by affirmatively leading Plaintiff and the class members to believe that the wrongful and unlawful charges were legitimate.

110.   Any applicable statutes of limitation have been tolled by Defendants' affirmative acts of fraudulent concealment and continuing misrepresentations, as the facts alleged above reveal.

111.   Because of the self-concealing nature of Defendants' actions and their affirmative acts of concealment, Plaintiff and the class members assert the tolling of any applicable statutes of limitations affecting the claims raised herein.

112.   Defendants continue to engage in the deceptive practices described in this complaint. Consequently, consumers in Tennessee are injured on a daily basis by Defendants' wrongful and unlawful conduct. Therefore, Plaintiff and the class members submit that each instance that Defendants engage in the conduct complained of in this Complaint and each instance that a class member remits wrongful and unlawful charges to Defendants constitutes part of a continuing violation and operates to toll the statutes of limitation in this action.

113.   Defendants are estopped from relying on any statute or limitations defense because of their unfair, unlawful and deceptive conduct.

## VIII.   Punitive Damages

114.   Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

115.    Plaintiff and the class members also seek punitive damages under Tennessee law because Defendants' misconduct has been, and continues to be, willful, wanton, intentional and/or reckless. For nothing more than their own economic benefit, Defendants deceived the consuming public as set forth above.

116.    In determining an award of punitive damages under the rulings of the Tennessee Supreme Court, this Court should consider the following:

- Defendants' financial condition and net worth;
- The egregiousness of Defendants' acts;
- Defendants' awareness of the amount of harm being caused by their conduct and Defendants' motivation for causing such harm to Plaintiff and the class members;
- The duration of Defendants' misconduct and whether Defendants have tried to conceal said misconduct;
- Whether Defendants have profited from their misconduct;
- Whether Defendants have taken remedial action or attempted to make amends for their misconduct; and
- Any other circumstances that bear on the proper amount of punitive damages.

117.    Punitive damages are required in this instance in order to punish Defendants for their unlawful conduct and to deter them, and others, from repeating the conduct complained of herein.

## IX.    Injunctive Relief

118.    Plaintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein.

119. After a full and final hearing on this matter, the Court should enter a permanent injunction prohibiting Defendants from engaging in the unlawful and wrongful conduct alleged in this Complaint, and any other injunctive relief that the Court deems appropriate.

## X. Prayer for Relief

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment as follows:

- That the Court enter an order certifying this case as a class action, designating Plaintiff as the class representative, and designating Plaintiff's counsel as class counsel;

- That the Court adjudge Defendants' conduct to be unlawful and in violation of Tennessee statutory laws, common laws, and public policy as fully described above;

- That, pursuant to the Tennessee Consumer Protection Act, the Court award Plaintiff and the class members compensatory damages in an amount to be determined at trial and such other necessary, proper and general relief as provided for in said Act which the Court deems appropriate;

- That, pursuant to the Tennessee Consumer Protection Act, the Court treble the damages awarded to Plaintiff and the class members;

- That the Court adjudge Defendants' conduct constituted a fraud upon Plaintiff and the class members;

- That the Court order an accounting of all monies wrongfully received by Defendants as a result of the conduct complained of herein;

- That the Court find that Defendants have been unjustly enriched as a direct result of their unlawful conduct, that Defendants are liable to Plaintiff and

the class members for money had and received, and that the Court order
Defendants to disgorge their ill-gained profits and pay restitution, plus pre-
judgment interest, to Plaintiff and the class members in an amount that will
restore Plaintiff and the class members to the financial position that they
would have been in absent Defendants' unlawful conduct;

- That the Court award Plaintiff and the class members compensatory
  damages on their common law causes of action in an amount to be
  determined at trial;

- That the Court award Plaintiff and the class members punitive damages as a
  result of Defendants' willful, wanton, intentional and/or reckless conduct;

- That the Court enter a permanent injunction prohibiting Defendants from
  engaging in the unlawful and wrongful conduct alleged herein and any other
  injunctive relief that the Court deems appropriate;

- That the Court award Plaintiff and the class members their reasonable
  attorneys' fees, disbursements and costs of this action, including expert and
  accounting fees; and

- For such other, further and general relief, including pre- and post-judgment
  interest, that Plaintiff and the class members may be entitled.

Dated this 17th day of February, 2005,

Gordon Ball
Ball & Scott
550 W. Main Ave., Suite 750
Knoxville, Tennessee 37902
(865) 525-7028

1

2  _Bruce D. Fox_
   Fox & Farley
3  1107 Charles G. Seivers
   Blvd.
4  Clinton, TN 37716

5

6  _Jay E. Kohlbusch_
   238 S. Peters Rd., Bldg. A
7  Suite 101
   Knoxville, TN 37923

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



8654584302

**SEP 2 4 REC'D**

*Arnold, Harris & Ford*
*an association of attorneys*
*P.O. Box 905*
*501 Mulberry Street*
*Loudon, TN 37774*

*Edwin H. Arnold*
*Joseph R. Ford*

*James H. Harris (Retired)*

*(865) 458-4301*
*fax: 458-4302*

PO Box 905
501 Mulberry St.
Loudon TN
37774

## FACSIMILE TRANSMISSION COVER SHEET

**TO TELECOPIER NO.:**   693-0338

**DATE:**   9.11.03

### *PLEASE DELIVER TO:*

**NAME:** Gwin

**FROM:**   Joseph R. Ford

**REGARDING:** Medical Records

**NO. OF PAGES (including <u>cover</u> sheet):** 2

**ORIGINAL(S):**   Release Form

**OPERATOR:**   Debra Baker

**MESSAGES: RE;**   Please see attach Release; Should you have any questions or comments, please do not hesitate to contact me.

Smart 9/16/03

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address set forth above via the United States Postal Service. Thank you.

## MEDICAL AND OTHER PRIVILEDGED
## INFORMATION AUTHORIZATION

TO: Shine Knoxville

I hereby authorize to the law firm ARNOLD, HARRIS & FORD P O Box 905, Loudon, Tennessee 37774, and Joseph R. Ford, Esq, any and all information which he/they may request, specifically including any information which may be otherwise privileged.

You are further authorized and directed to allow my attorneys, or someone designated by them, to obtain complete copies of my medical records, including information concerning my present medical difficulties, and any and all medical information, including X-ray films, X-ray reports, and any telemonitoring strips, radiology interpretations, electronic an/or graphic data, hospital records, doctors' records, laboratory records, itemized statements of charges, and any other medical documentation, including my past medical history.

By reason of the fact that such information is confidential to me, you are also requested to treat such information as confidential, and I hereby request that you not furnish any such information to anyone, including insurance adjusters and attorneys, other than ARNOLD, HARRIS & FORD, without my written authorization. I hereby revoke any previously dated medical authorization.

Your full cooperation with my attorney is requested.

## ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELED.

This the 28 day of Aug, 2003.

PATIENT

Date of Birth:
Social Security Number:

# INVOICE

**Smart Document Solutions, LLC**
P.O. Box 1812
Alpharetta, GA 30023-1812
Fed Tax ID 58 - 2659941
770-754-6000

SEP 2 ~

| Date | Invoice # |
|------|-----------|
| 09/18/2003 | 0017435158 |

**Bill to:**

JOSEPH FORD
ARNOLD HARRIS FORD
PO BOX 905
501 MULBERRY ST
LOUDON, TN 37774

**Ship to:**

JOSEPH FORD
ARNOLD HARRIS FORD
PO BOX 905
501 MULBERRY ST
LOUDON, TN 37774

**Records from:**

SPINE - KNOXVILLE
10321 KINGSTON PIKE
KNOXVILLE, TN 37922

**Requested By:** JOSEPH FORD
**Patient Name:**
**DOB:**
**SSN:**

| Description | Quantity | Price Per | Amount |
|-------------|----------|-----------|--------|
| Basic Fee | | | 10.00 |
| Retrieval Fee | | | 20.00 |
| Per Page Copy (Paper) 1 | 7 | | 0.00 |
| Per Page Copy (Paper) 2 | 40 | 0.25 | 1.75 |
| Shipping/Handling | | 0.00 | 0.00 |
| Subtotal | | | 2.21 |
| Sales Tax | | | 23.96 |
| Invoice Total | | | 2.01 |
| | | | 25.97 |
| | | | 25.97 |



**JOSEPH R. FORD**
**ATTORNEY AT LAW**
P.O. BOX 905
LOUDON, TN 37774-0905
PH. 865-458-4301

3456

PAY TO THE ORDER OF _Smart Documents_   DATE _10-31-03_

_forty six +59/100_   $ _46.59_

DOLLARS

**BB&T**
BRANCH BANKING AND TRUST COMPANY
LOUDON, TENNESSEE

ELITE BUSINESS

FOR _174 35158_   _1754/704 Records_

⑈003456⑈  ⑆064208165⑆ 0110068854⑈

---

# Return stub with payment.

Please include invoice number on check.

To pay by credit card, please call 770-754-6000.

0017435158
Check # _3456_

Payment Amount $ _45.7_

Case 3:08-cv-00208-TWP-CCS   Document 1-1   Filed 05/21/08   Page 36 of 68   PageID #: 43

# *Smart Document Solutions, LLC*
### *Medical Records Copying*

P.O. Box 1812
Alaretta, GA 30023-1812
Customer Service
Center:
(770) 754-6000

**STATEMENT**
FED ID NO. 58-2659941

| DATE | CUSTOMER NO. |
|------|--------------|
| 11/14/03 | 463B43 |
| PAGE | 1 |

**REMITTANCE INSTRUCTIONS**

To ensure proper credit to your account, please:

* Circle invoice numbers and amounts paid on Remittance Stub portion of this statement.
* Write your Smart Customer No. on your check.
* Detach remittance stub and include with payment.

Payments without specific invoice identification will be applied to unpaid invoices on your account.

**THANK YOU**

**REMITTANCE STUB**

| DATE | CUSTOMER NO |
|------|-------------|
| 11/14/03 | 463B43 |
| PAGE | 1 |

*Smart Document Solutions, LLC*
*Medical Records Copying*

P.O. Box 1812
Alpharetta, GA 30023-1812
Customer Service
Center:
(770) 754-6000

463B43        CT: ATTY

00102882

ARNOLD HARRIS FORD
501 MULBERRY ST
PO BOX 905
LOUDON TN 37774-0905

| INVOICE NUMBER | PATIENT NAME / PATIENT I.D. INFORMATION / FACILITY RECORDS WERE COPIED AT | DATE | TRANSACTIONS | AMOUNT | INVOICE NUMBER | BALANCE DUE |
|---|---|---|---|---|---|---|
| 5462656 | TENNESSEE ORTHOPAEDIC CLINIC IN TN | 04/25/03 | INVOICE | 22.23 | 0015462656 | 10.00 |
| | SSN 021565433 | 05/22/03 | PAYMENT | -2.23 | | |
| | DOB 100271 | 11/10/03 | CREDIT MEMO | -10.00 | | |
| | STUN ARNOLD HARRIS FORD | | | | | |
| | ATTN NA | | AMOUNT DUE | 10.00 | | |
| | The invoices above have aged over 90 days. | | | | | |
| 7435158 | SPINE - KNOXVILLE IN TN | 09/18/03 | INVOICE | 25.97 | 0017435158 | 10.00 |
| | SSN 411415772 | 10/23/03 | PAYMENT | -15.97 | | |
| | DOB 040267 | | | | | |
| | STUN JOSEPH FORD | | | | | |
| | ATTN NA | | AMOUNT DUE | 10.00 | | |
| 7572544 | ROANE MEDICAL CENTER IN TN | 09/29/03 | INVOICE | 128.67 | 0017572544 | 59.10 |
| | SSN 410195424 | 11/10/03 | CREDIT MEMO | -69.57 | | |
| | DOB 121959 | | | | | |
| | STUN ARNOLD HARRIS FORD | | | | | |
| | ATTN NA | | AMOUNT DUE | 59.10 | | |
| | The invoices above have aged over 30 days. | | | | | |

Invoices are subject to a late charge of 1.5% per month
(18% per annum) if not paid within 30 days.

is extremely important you return remittance portion with your payment.

---

**JOSEPH R. FORD**
**ATTORNEY AT LAW**
P.O. BOX 905
LOUDON, TN 37774-0905
PH. 865-458-4301

3533

87-81A/642
40801

DATE 12-10-03

PAY TO THE ORDER OF Smart Document Solutions    $ 90.84

Ninety + 84/100    DOLLARS

**BB&T**
RANCH BANKING AND TRUST COMPANY
LOUDON, TENNESSEE

**ELITE BUSINESS**

FOR 0.018795956, 15462656, 17435158, 17572544

⑈003533⑈  ⑆064208165⑈0 1100686 54⑈

---



# Arnold, Harris & Ford

an association of attorneys
P.O. Box 905
501 Mulberry Street
Loudon, Tennessee 37774

-------------

(865) 458-4301
Fax: 458-4302

Edwin H. Arnold
Joseph R. Ford

James H. Harris (Retired)

April 16, 2003

Dr. Elmer G. Pinzon
10321 Kingston Pike
Knoxville, Tennessee 37922
Attn: Medical Records

**MAY 0 5 2003**

RE:    Patient:
       S. S. #:
       D. O. B.:
       Workers' Compensation

To Whom It May Concern:

Please forward to me a copy of any and all past and present, medical records that you have relative to this patient including insurance forms, radiology reports, x-ray reports, MRI reports, CT scan reports, myelogram reports, and any other diagnostic testing reports, and of course your clinical notes and records including any narrative reports.

Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish.... "complete medical reports at a charge not to exceed $10.00 for reports twenty pages or less in length and twenty-five cents per page for each page copied after the first twenty pages...."

Should you have any questions or require further information, please do not hesitate to contact me.

Sincerely,

Joseph R. Ford

Enclosure: Medical Release

# INVOICE

**Smart Document Solutions, LLC**
P.O. Box 1812
Alpharetta, GA 30023-1812
Fed Tax ID 58 - 2659941
770-754-6000

| Date | Invoice # |
|------|-----------|
| 04/29/2003 | 0015514366 |

**Bill to:**

J FORD
ARNOLD HARRIS FORD
PO BOX 905
306 WHARF ST
LOUDON, TN 37774

**Ship to:**

J FORD
ARNOLD HARRIS FORD
PO BOX 905
306 WHARF ST
LOUDON, TN 37774

**Records from:**

SPINE - KNOXVILLE
10321 KINGSTON PIKE
KNOXVILLE, TN 37922

**Requested By:** J FORD
**Patient Name:**
**SSN:**



| Description | Quantity | Price Per | Amount |
|-------------|----------|-----------|--------|
| Basic Fee | | | 20.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 16 | 0.00 | 0.00 |
| Shipping/Handling | | | 0.83 |
| Subtotal | | | 20.83 |
| Sales Tax | | | 1.40 |
| Invoice Total | | | 22.23 |
| Balance Due | | | 22.23 |

---

**JOSEPH R. FORD**
**ATTORNEY AT LAW**
P.O. BOX 905
LOUDON, TN 37774-0905
PH. 865-458-4301

3223

87-816/842
46001

DATE 5-20-03

PAY TO THE ORDER OF *Smart Document Solutions* $ 98.44

*Ninety eight 44/100* _____ DOLLARS

**BB&T**
BRANCH BANKING AND TRUST COMPANY
LOUDON, TENNESSEE

ELITE BUSINESS

FOR _____



Case 3:08-cv-00208-TWP-CCS   Document 1-1   Filed 05/21/08   Page 41 of 68   PageID #: 48

# ARNOLD, FORD & NICHOLS

an association of attorneys

EDWIN H. ARNOLD
JOSEPH R. FORD
BRIAN E. NICHOLS

P.O. Box 905
501 Mulberry Street
Loudon, TN 37774
❖
Phone: (865) 458-4301
Fax: (865) 458-4302

JAMES H. HARRIS
(RETIRED)

Fort Sanders Loudon Medical Center
1125 Grove Street
Loudon, Tennessee 37774
Attn: Medical Records

RE: Patient: ▓▓▓▓▓▓▓▓▓▓ s
S.S.#:
D. O. B.:
Workers' Compensation

To Whom It May Concern:

Please forward to me a copy of any and **all past and present**, medical records that you have relative to this patient including the following:

- Insurance forms
- Radiology reports & x-ray reports
- MRI reports, CT scan reports (and any other diagnostic reports)
- **Itemized Statements**

- Correspondence
- Prescription Records
- Clinical notes and records (including any narrative reports)
- Hospital Records (including ER)

Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish.... "complete medical reports at a charge not to exceed **$10.00** for reports twenty pages or less in length and twenty-five cents per page for each page copied after the first twenty pages...."

Thank you for your time and attention to this matter. Should you have any questions or require further information, please do not hesitate to contact me.

Sincerely,

Deborah Baker,
Assistant to Joseph R. Ford

Enclosure: Medical Release

## MEDICAL AND OTHER PRIVILEGED
## INFORMATION AUTHORIZATION

TO: _Fort Sanders Loudon Medical Center_

I hereby authorize you to furnish to the law firm of Arnold, Ford & Nichols, P.O. Box 905, Loudon, Tennessee 37774, and Joseph R. Ford, any and all information which he/they may request, specifically including any information which may be otherwise privileged.

You are further authorized and directed to allow my attorneys, or someone designated by them, to obtain complete copies of my medical records, including information concerning my present medical difficulties, and any and all medical information, including x-ray films, x-ray reports, and any telemonitoring strips, radiology interpretations, electronic an/or graphic data, hospital records, doctors' records, laboratory records, statements of charges, and any other medical documentation, including my past medical history.

By reason of the fact that such information is confidential to me, you are also requested to treat such information as confidential, and I hereby request that you not furnish any such information to anyone, including insurance adjusters and attorneys, other than Arnold, Ford & Nichols, without my written authorization. I hereby revoke any previously dated medical authorization. I understand that the medical provider to whom this authorization is furnished may not condition its treatment of me on whether or not I sign.

I understand I have the right to revoke this authorization at any time. I also understand if I revoke this authorization I must do so in writing. I understand any disclosure of information may be re-disclosed and will not be protected by federal confidentiality rules.

Unless otherwise revoked, this authorization will expire in six months.

Your full cooperation with my attorney is requested.

## ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELED.

Signed this the ____ day of _June_____, 2004.

_____
PATIENT

Date of Birth ████████████

S.S.# ████████████

## ChartONE, Inc.
### P.O. Box 1438, San Jose, CA 95109-1438 (800)299-8694

# INVOICE

Invoice Number:     267731- -200920
Medical Record Number: PASB                                    Date:   06/22/2004

Dear Deborah Baker:

Per your request, enclosed are the medical records forwarded from Fort Sanders - Louden, Louden, TN.

PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE. A service charge of 1.5% per month (annual rate 18%), except Michigan state, will be charged if not paid within 30 days from the date of this invoice. Please detach the bottom portion of this invoice and return with your remittance to ChartONE, Inc. to ensure proper credit.

Comments:                     POSTED

Requested by:
   Deborah Baker                              Please make check payable to:
   ARNOLD HARRIS FORD

   P O BOX 905                                ChartONE, Inc.
   501 MULBERRY ST                            P.O. Box 1438
   LOUDON, TN 27774                           San Jose, CA 95109-1438
   (865)458-4301.                             (800)299-8694
                                              Federal Tax ID# 94-3360691
   Patient:
   Category: Attorney
   SSN:                                       Base Fee:       15.00
   Birth Date:                                Page Fee:       24.00
   Admission Date:  / /      17 pages x .25   Shipping:        1.75
   Requester ID:                              Handling:        0.00
   Other ID:                                  Itemized:        0.00
   TDN/VPN:                                   Tax:             3.12
   Paper Pages:        37                     Adjustment:      0.00
   Microfiche Pages:    0                     Pre-Payment:     0.00
   Computer Pages:      0                     Total Due:      43.87

**Please return this portion with your payment payable to:**

Sincerely,

Cindy Lefler
Bookkeeper

CK# 1424 Date 7/26 Amt 48.76

JOSEPH R. FORD
ATTORNEY AT LAW
(865) 458-4501
601 MULBERRY ST. P.O. BOX 905
LOUDON, TN 37774-0905

FIRST NATIONAL BANK
LOUDON, TN 37774

1424

//15/2004

PAY TO THE
ORDER OF    ChanOne, Inc.                                    $ **48.76

Forty-Eight and 76/100                                       DOLLARS

ChanOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

MEMO

Ck#        1424 Date    7/26 Amt         48.76

# ARNOLD, FORD & NICHOLS

**EDWIN H. ARNOLD**
**JOSEPH R. FORD**
**BRIAN E. NICHOLS**

an association of attorneys
P.O. Box 905
501 Mulberry Street
Loudon, TN 37774

❖

**JAMES H. HARRIS**
**(RETIRED)**

Phone: (865) 458-4301
Fax: (865) 458-4302

July 15, 2004

ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

Re: Invoice # 267731-1-200920

To Whom It May Concern:

Enclosed please find payment for your Invoice # 267731-1-200920. This was a bill for medical records for a Workers Comp case and the amount of our remittance for this Invoice was $19.12. The breakdown is as follows:

| | | |
|---|---|---|
| Base Fee: | 10.00 | (Workers Comp Base Fee) |
| Page Fee: | 4.25 | (17 pgs x .25) |
| Shipping: | 1.75 | |
| Tax: | 3.12 | |
| | $19.12 | |

Below is the statute as it reads:

Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish.... "complete medical reports at a charge not to exceed $10.00 for reports twenty pages or less in length and twenty-five cents per page for each page copied after the first twenty pages...."

Thank you for your attention to this matter and if you have any questions please feel free to call me.

Sincerely,

Cindy Lefler
Bookkeeper



# Arnold, Harris & Ford

an association of attorneys
P.O. Box 905
501 Mulberry Street
Loudon, Tennessee 37774

Edwin H. Arnold
Joseph R. Ford

James H. Harris (Retired)

(865) 458-4301
Fax: 458-4302

April 15, 2004

Park West Hospital
9352 ParkWest Blvd.
Knoville, Tennessee 37933
ATTN: Medical Records

RE:     Patient:
        S.S.#:
        D. O. B.
        Workers' Compensation

To Whom It May Concern:

Please forward to me a copy of any and **all past and present**, medical records that you have relative to
this patient including the following:

- Insurance forms
- Radiology reports & x-ray reports
- MRI reports, CT scan reports (and any other diagnostic reports)
- Itemized Statements

- Correspondence
- Prescription Records
- Clinical notes and records (including any narrative reports).
- Hospital Records (including ER)

Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish.... "complete medical reports
at a charge not to exceed **$10.00** for reports twenty pages or less in length and twenty-five cents per page
for each page copied after the first twenty. pages...."

Thank you for your time and attention to this matter. Should you have any questions or require further
information, please do not hesitate to contact me.

Sincerely,

Deborah Baker,
Assistant to Joseph R. Ford

Enclosure: Medical Release

CHARTONE

APR 1 6 2004

309100690

## MEDICAL AND OTHER PRIVILEGED
## INFORMATION AUTHORIZATION

TO: _Park West Hospital_

I hereby authorize you to furnish to the law firm of **Arnold, Harris & Ford, P.O. Box 905, Loudon, Tennessee 37774, and Joseph R. Ford**, any and all information which he/they may request, specifically including any information which may be otherwise privileged.

You are further authorized and directed to allow my attorneys, or someone designated by them, to obtain **complete copies of my medical records, including information concerning my present medical difficulties, and any and all medical information, including x-ray films, x-ray reports, and any telemonitoring strips, radiology interpretations, electronic and/or graphic data, hospital records, doctors' records, laboratory records, statements of charges, and any other medical documentation, including my past medical history.**

By reason of the fact that such information is confidential to me, you are also requested to treat such information as confidential, and I hereby request that you not furnish any such information to anyone, including insurance adjusters and attorneys, other than Arnold, Harris & Ford, without my written authorization. I hereby revoke any previously dated medical authorization.

I understand I have the right to revoke this authorization at any time. I also understand if I revoke this authorization I must do so in writing. I understand any disclosure of information may be re-disclosed and will not be protected by federal confidentiality rules.

Unless otherwise revoked, this authorization will expire in six months.

Your full cooperation with my attorney is requested.

ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELED.

Signed this the 5 day of April , 2004.

PATIENT

Date of Birth:

S.S.#

forms/release



## ChartONE, ⌐
P.O. Box 1438, San Jose, CA 95109-1438 (800)299-8694

# INVOICE

Invoice Number: 267708- -127733
Medical Record Number: 471780

Date: 04/16/2004

Dear Deborah Baker:

Per your request, enclosed are the medical records forwarded from FORT SANDERS PARKWEST HOSPITAL.
KNOXVILLE, TN.

PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE. A service charge of 1.5% per month (annual rate 18%),
except Michigan state, will be charged if not paid within 30 days from the date of this invoice.
Please detach the bottom portion of this invoice and return with your remittance to ChartONE, Inc. to ensure proper
credit.

Comments:

Requested by:

Deborah Baker
ARNOLD, HARRIS & FORD

P.O. BOX 905

LOUDON, TN 37774
(865)458-4301-

Please make check payable to:

ChartONE, Inc.
P.O. Box 1438
San Jose, CA 95109-1438
(800)299-8694
Federal Tax ID# 94-3360691

| | |
|---|---:|
| Patient: | |
| Category: Attorney | |
| SSN: | Base Fee: 15.00 |
| Birth Date: | Page Fee: 15.00 |
| Admission Date: / / | Shipping: 1.29 |
| Requester ID: | Handling: 0.00 |
| Other ID: | Itemized: 0.00 |
| TDN/VPN: | Tax: 2.70 |
| Paper Pages: 25 | Adjustment: 0.00 |
| Microfiche Pages: 0 | Pre-Payment: 0.00 |
| Computer Pages: 0 | Total Due: 33.99 |

**Please return this portion with your payment payable to:**

---

Please detach here and return your payment for proper credit

TOTAL DUE ▶ 23.99

ACCOUNT ID#
ARNO2759437

267708127733

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

Charge It! If paying by Credit Card, please complete the following:
Check One: ☐ VISA ☐ MASTERCARD
Credit Card #: _____ Exp. Date: _____
Name/Signature of Cardholder: _____

Payment Cut Off: 05/24/2004
Statement No.: ARNO275943705242004

TOTAL DUE
23.99

Please make checks payable to:
ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109

**JOSEPH R. FORD**
ATTORNEY AT LAW
(865) 458-4501
501 MULBERRY ST., P.O. BOX 805
LOUDON, TN 37774-0005

FIRST NATIONAL BANK OF LOUDON COUNTY
LOUDON, TN 37774
64-174/842

1252

4/30/2004

PAY TO THE
ORDER OF___ ChattOne, Inc.

$ **10.00

Ten and 00/100✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

DOLLARS

ChattOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

MEMO    10.00 per Susan W/C TN

�串00⑤252⑤ ⑤:084⑤20⑤243⑤: ⑤ 57843 ⑤⑤

✱000000⑤000✱

Ck#           1252  Date    5/14  Amt           10.00

# CHARTONE
chart management solutions

P.O. Box 1438
San Jose, CA 95109

**Payment Cut Off:** 05/24/2004
**Statement No.:** ARNO275943705242004

**ACCOUNT ID#**
ARNO2759437

**Invoice Aging Summary**

| UNDER 30 DAYS | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS |
|---|---|---|---|---|
| 0.00 | 23.99 | 0.00 | 0.00 | 0.00 |

14.1.2731 1 AT 0.282 34914311.OOE
[barcode mailing text]

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

**TAX ID NO. 94-3360691**

Dear Customer:

This statement is a summary of outstanding invoices on your account for copies of medical records provided to you by ChartOne. These invoices are DUE AND PAYABLE UPON RECEIPT. Please detach the remittance below to mail with your payment (or reference the invoice numbers on your payment). Payments made within 2 weeks prior to the above payment cutoff date may not be reflected on this statement. Please note our statements NOW INCLUDE PAYMENT BALANCES ON YOUR ACCOUNT (OA/AO #s) for which we need your assistance in identifying the invoice to which the payment should be applied. These may include payments that need to be applied to open fee approvals which are included on a separate statement. Your check # is referenced to assist in this process and we appreciate you calling us to resolve these or by emailing us at "payments@chartone.com". Please include your account ID, check # and invoice #(s) in your email in order for us to apply the payment balance appropriately. If you have any further questions regarding your account, please call JESSICA LOPEZ at (408) 453-1600 X4408.

| INVOICE PAYMENT DATE | INVOICE NUMBER | PATIENT NAME | SSN, CLAIM, POLICY, TDN OR PAYMENT ID # | BIRTH DATE | REQUESTED BY | LOCATION OF RECORD | INVOICE AMOUNT | PAYMENT & CREDIT | OA/AO PYMT | BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/16/04 | 267708127733 | | | | BAKER, DEBORAH | Fort Sanders Parwest Ho | 33.99 | 10.00 | 0.00 | 23.99 |

*CK # 1252*
*4/30/04 · w/c*
*Should be only 10 · per susan*

*called 6/3/04*

**TOTAL DUE** 23.99

— Please detach here and return your payment for proper credit —

**ACCOUNT ID#**
ARNO2759437

267708127733

**Payment Cut Off:** 05/24/2004
**Statement No.:** ARNO275943705242004

**TOTAL DUE**
**23.99**

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

Charge it! If paying by Credit Card, please complete the following:

**Check One:** ☐ VISA ☐ MASTERCARD

Credit Card #: _____ Exp. Date: _____

Name/Signature of Cardholder: _____

Contact Phone #: _____

Please make checks payable to:
ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109

# CHARTONE
chart management solutions

P.O. Box 1438
San Jose, CA 95109

**Payment Cut Off:** 06/19/2004
**Statement No.:** ARNO2759437061920004

### ACCOUNT ID#
**ARNO2759437**

Invoice Aging Summary

| UNDER 30 DAYS | 31 – 60 DAYS | 61 – 90 DAYS | 91 – 120 DAYS | OVER 120 DAYS |
|---|---|---|---|---|
| 0.00 | 0.00 | 23.99 | 0.00 | 0.00 |

12.1.2317 1 AT 0.282 36311811.OOE
llullludlludlludbludlludllludlallludlludbl

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

JUN 2 8 2004

**TAX ID NO. 94-3360691**

Dear Customer:

ChartOne thanks you for being a valued customer of our release of information services. However, your account now contains unpaid invoices that are more than 60 days past due. **PLEASE HELP US KEEP YOUR ACCOUNT CURRENT AND SEND PAYMENT TODAY.** Please reference the invoice numbers on your payment. Payments made within 2 weeks prior to the above payment cutoff date may not be reflected on this statement.

Please note our statements NOW INCLUDE PAYMENT BALANCES ON YOUR ACCOUNT (OA/AO#s) for which we need your assistance in identifying the invoice to which the payment should be applied. These may include payments that need to be applied to open fee approvals which are included on a separate statement. Your check # is referenced to assist in this process and we appreciate you contacting us to resolve these via telephone or by emailing us at "payments@chartone.com". Please include your account ID, check #, and invoice #(s) in your email in order for us to apply the payment balance. If you have any further questions regarding your account, please call TAMISHA JOSEPH at (408)453-1600 X5204.

| INVOICE/ PAYMENT DATE | INVOICE NUMBER | PATIENT NAME | SSN, CLAIM, POLICY, TIN OR PAYMENT ID # | BIRTH DATE | REQUESTED BY | LOCATION OF RECORD | INVOICE AMOUNT | PAYMENT & CREDIT | OA/AO PYMT | BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/18/04 | 267708127733 | | | | EBORAH | Fort Sanders Parwest Ho | 33.99 | 10.00 | 0.00 | 23.99 |

| | TOTAL DUE | ▶ | 23.99 |
|---|---|---|---|

------ Please detach here and return your payment for proper credit ------

### ACCOUNT ID#
**ARNO2759437**

267708127733

**Payment Cut Off:** 06/19/2004
**Statement No.:** ARNO275943706192004

TOTAL DUE
**23.99**

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

Charge it! If paying by Credit Card, please complete the following:

Check One: ☐ VISA  ☐ MASTERCARD

Credit Card #: _____ Exp. Date: _____

Name/Signature of Cardholder: _____

Contact Phone: _____

Please make checks payable to:
ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109

# Delinquent Notice

**CHART ONE**
chart management solutions

P.O. Box 1438
San Jose, CA 95109

ACCOUNT ID#
**ARNO2759437**

### Invoice Aging Summary

| UNDER 30 DAYS | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 23.99 | 0.00 |

10,1,1973 1 AT 0.292 37626S11.xrx

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

**TAX ID NO.** 94-3360691

Dear Customer:

YOUR ACCOUNT IS NOW SERIOUSLY PAST DUE. We have attempted to contact you with either prior notices or phone calls. However, your account still contains past due invoices. If we do not receive payment within 7 days, we will be forced to turn over your account to an outside collection agency, and to require prepayment (except TX) for all future requests prior to processing. You can avoid this action by SENDING PAYMENT TODAY, or by calling us to arrange payment. Payments within 2 weeks prior to the above payment cutoff date may not be reflected on this statement.

Please note our statements NOW INCLUDE PAYMENT BALANCES ON YOUR ACCOUNT (OA/AO#s) for which we need your assistance in identifying the invoice to which the payment should be applied. These may include payments that need to be applied to fee approvals which are included on a separate statement. Your check# is referenced to assist in this process; we appreciate you calling us to resolve these or emailing us at "payments@chartone.com". If you have any further questions regarding your account, please call TAMISHA JOSEPH at (408)453-1600 X5204.

| INVOICE/ PAYMENT DATE | INVOICE NUMBER | PATIENT NAME (SOLICITATION OR PAYMENT ID #) | BIRTH DATE | REQUESTED BY | LOCATION OF RECORD | INVOICE AMOUNT | PAYMENT & CREDIT | OA/AO PYMT | BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| 04/16/04 | 267708127733 | | | BAKER, DEBORAH | Fort Sanders Parwest Ho | 33.99 | 10.00 | 0.00 | 23.99 |

| | | | | | | | TOTAL DUE | ▶ | 23.9 |

*———— Please detach here and return your payment for proper credit ————*

ACCOUNT ID#
**ARNO2759437**

267708127733

**Payment Cut Off:** 07/17/20(
Statement No.: ARNO2759437071720(

TOTAL DUE
**23.99**

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

Charge it! If paying by Credit Card, please complete the following:

Check One: ☐ VISA   ☐ MASTERCARD

Credit Card #: _____ Exp. Date: _____

Name/Signature of Cardholder: _____

Please make checks payable t
ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109



JOSEPH R. FORD
ATTORNEY AT LAW
(865) 458-4205
501 MULBERRY ST., P.O. BOX 505
LOUDON, TN 37774-0505

FIRST NATIONAL BANK OF LOUDON COUNTY
LOUDON, TN 37774
87-126/642

1252

4/30/2004

PAY TO THE
ORDER OF    ChartOne, Inc.

$ **10.00

Ten and 00/100*********************************************************** DOLLARS

ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

MEMO   10.00 per Susan W/C TN

1252 0642 0 14436 2 57343

CK#      1252 Date 5/14 Amt      10.00

# Delinquent Notice

**CHART ONE**
chart management solutions

P.O. Box 1438
San Jose, CA 95109-1438

**Payment Cut Off:** 08/14/2004
**Statement No.:** ARNO275943708142004

**ACCOUNT ID#**
**ARNO2759437**

Invoice Aging Summary

| UNDER 30 DAYS | 31 - 60 DAYS | 61 - 90 DAYS | 91 - 120 DAYS | OVER 120 DAYS |
|---|---|---|---|---|
| 40.17 | 0.00 | 0.00 | 23.99 | 0.00 |

10.1.1875 1 AT 0.289 39202S11.xxx

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

**TAX ID NO.** 94-3360691

## CHARTONE MESSAGE CENTER

Dear Customer:

YOUR ACCOUNT IS NOW SERIOUSLY PAST DUE. We have attempted to contact you with either prior notices or phone calls. However, your account still contains past due invoices. If we do not receive payment within 7 days, we will be forced to turn over your account to an outside collection agency, and to require prepayment (except TX) for all future requests prior to processing. You can avoid this action by SENDING PAYMENT TODAY, or by calling us to arrange payment. Payments within 2 weeks prior to the above payment cutoff date may not be reflected on this statement.
Please note our statements NOW INCLUDE PAYMENT BALANCES ON YOUR ACCOUNT (OA/AO#s) for which we need your assistance in identifying the invoice to which the payment should be applied. These may include payments that need to be applied to fee approvals which are included on a separate statement. Your check# is referenced to assist in this process; we appreciate you calling us to resolve these or emailing us at "payments@chartone.com". If you have any further questions regarding your account, please call TAMISHA JOSEPH at (408)453-1600 X5204.

| INVOICE/ PAYMENT DATE | INVOICE NUMBER | PATIENT NAME | SSN, CLAIM, POLICY, TDN OR PAYMENT ID # | BIRTH DATE | REQUESTED BY | LOCATION OF RECORD | INVOICE AMOUNT | PAYMENT AND CREDIT | OA/AO PAYMENT | BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/16/04 | 267708127733 | | | | AKER, DEBORAH | Fort Sanders Parwest Ho | 33.99 | 10.00 | 0.00 | 23.99 |
| 06/02/04 | 267708129917 | | | | AKER, DEBORAH | Fort Sanders Parwest Ho | 40.17 | 0.00 | 0.00 | 40.17 |

| | TOTAL DUE | ▶ | 64.16 |
|---|---|---|---|

— Please detach here and return your payment for proper credit —

**ACCOUNT ID#**
**ARNO2759437**

267708127733    267708129917

**Payment Cut Off:** 08/14/2004
**Statement No.:** ARNO275943708142004

| TOTAL DUE |
|---|
| 64.16 |

ARNOLD, HARRIS & FORD ATTORNEY
P.O. BOX 905
LOUDON TN 37774-0905

Charge it! If paying by Credit Card, please complete the following:

Check One: ☐ VISA   ☐ MASTERCARD

Credit Card #: _____ Exp. Date: _____

Name/Signature of Cardholder: _____

Please make checks payable to:
ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

**JOSEPH R. FORD**
ATTORNEY AT LAW
(865) 458-4301
501 MULBERRY ST.    P.O. BOX 905
LOUDON, TN 37774-0905

**FIRST NATIONAL BANK**
LOUDON, TN 37774
67-124/842

1500

8/26/2004

PAY TO THE
ORDER OF    ChartOne, Inc.

$ **23.99

Twenty-Three and 99/100************************************************************************************

DOLLARS

ChartOne, Inc.
P.O. Box 1438
San Jose, CA  95109-1438

Invoice No.: 267708-127732

MEMO

⑈00l500⑈  ⑇06420l243⑇  2  57343  4⑈



*Received*

# Arnold, Harris & Ford

an association of attorneys
P.O. Box 905
501 Mulberry Street
Loudon, Tennessee 37774

Edwin H. Arnold
Joseph R. Ford

James H. Harris (Retired)

(865) 458-4301
Fax: 458-4302

January 20, 2003

Fort Sanders Loudon Medical Center
1125 Grove Street
Loudon, Tennessee 37774
Attn: Medical Records

RE:  Patient:
     S. S. #:
     D. O. B.:
     Workers' Compensation

To Whom It May Concern:

Please forward to me a copy of any and all past and present, medical records that
you have relative to this patient including insurance forms, radiology reports, x-ray
reports. MRI reports, CT scan reports, myelogram reports, and any other diagnostic
testing reports, and of course your clinical notes and records including any
narrative reports.

Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish....
"complete medical reports at a charge not to exceed $10.00 for reports twenty
pages or less in length and twenty-five cents per page for each page copied after the
first twenty pages...."

Should you have any questions or require further information. please do not
hesitate to contact me.

Sincerely,

Joseph R. Ford

Enclosure: Medical Release

# ChartONE, Inc.

P.O. Box 1438, San Jose, CA 95109-1438 (800)299-8694

## INVOICE

Invoice Number: 267731- -101426

Medical Record Number: 1

Date: 01/31/2003

Dear Valued Requester:

Per your request, enclosed are the medical records forwarded from CHARTONE HOSPITAL, Louden, TN.

PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE. A service charge of 1.5% per month (annual rate 18%), except Michigan state, will be charged if not paid within 30 days from the date of this invoice.
Please detach the bottom portion of this invoice and return with your remittance to ChartONE, Inc. to ensure proper credit.

Comments:

Requested by:

ARNOLD, HARRIS & FORD

P O BOX  905
501 MULBERRY ST
LOUDON, TN 37774
(423)458-4301-

Please make check payable to:

ChartONE, Inc.
P.O. Box 1438
San Jose, CA 95109-1438
(800)299-8694
Federal Tax ID# 94-3360691

| | | |
|---|---|---|
| Patient: | Clerical Fee: | 15.00 |
| Category: Accident | Basic Fee: | 0.00 |
| SSN: | Page Fee: | 13.50 |
| Birth Date: | Shipping: | 1.29 |
| Admission Date: 77 | Handling: | 0.00 |
| Requester ID: 1 | Itemized: | 0.00 |
| Other ID: 1 | Tax: | 2.28 |
| TDN/VPN: 1 | Adjustment: | 0.00 |
| Paper Pages: 23 | Pre-Payment: | 0.00 |
| Microfiche Pages: 0 | Total Due: | 32.07 |
| Computer Pages: 0 | | |

JOSEPH R. FORD
ATTORNEY AT LAW
P.O. BOX 905
LOUDON, TN 37774-0905
PH. 865-458-4301

3091

87-916/642
40801

DATE 2/28/03

PAY TO THE ORDER OF  Chart One                    $ 204.14

Two Hundred Four + 14/100                          DOLLARS

BB&T
BRANCH BANKING AND TRUST COMPANY
LOUDON, TENNESSEE

ELITE BUSINESS

FOR

⑈003091⑈ ⑈064208165⑈ 01⑈0068654⑈



# ARNOLD, FORD & NICHOLS

an association of attorneys

EDWIN H. ARNOLD
JOSEPH R. FORD
BRIAN E. NICHOLS

P.O. Box 905
501 Mulberry Street
Loudon, TN 37774

❖

Phone: (865) 458-4301
Fax: (865) 458-4302

JAMES H. HARRIS
(RETIRED)

August 16, 2004

Fort Sanders Loudon Physical Therapy
P.O. Box 52768
Knoxville, Tennessee 37950
ATTN: Records & Billing

**RECEIVED AUG 2 6 2004**

RE:    Patient:
       S. S. #:
       D. O. B.:
       **Workers' Compensation**

To Whom It May Concern:

This firm represents ▓▓▓▓▓▓▓ in a Workers Compensation case. It is our understanding that Mr. Womac was under your care. Enclosed find a release allowing inspection of medical records of the above referenced patient.

➢ Patient registration form(s)
➢ Office notes & records (including records of other physicians in your patient chart)
➢ Correspondence
➢ Claim forms, records statements for any non in-house consults

➢ Statement of charges & payments
➢ Copies of physicians' records & billing
➢ X-ray & test reports
➢ Hospital records, including ER reports
➢ Prescription

Thank you for your time and attention to this matter. Please be advised that T.C.A. §50-6-204(a)(1) provides you should furnish.... "complete medical reports at a charge not to exceed $10.00 for reports twenty pages or less in length and twenty-five cents per page for each page copied after the first twenty pages...." Should there be any charges for your assistance in compiling and transmitting these records, please enclose a statement for same and we will promptly remit.

Sincerely,

Deborah Baker,
Assistant to Joseph R. Ford

*Chart one*
**received**
*9-8-04*

Enclosure: Release

12-30-03 PT
11-29-03 PT
10-29-03 PT

*16 pp*

## MEDICAL AND OTHER PRIVILEGED
## INFORMATION AUTHORIZATION

TO: _H. Sanders Freedm_

I hereby authorize you to furnish to the law firm of **Arnold, Harris & Ford, P.O. Box 905, Loudon, Tennessee 37774, and Joseph R. Ford**, any and all information which he/they may request, specifically including any information which may be otherwise privileged.

You are further authorized and directed to allow my attorneys, or someone designated by them, to obtain complete copies of my medical records, including information concerning my present medical difficulties, and any and all medical information, including x-ray films, x-ray reports, and any telemonitoring strips, radiology interpretations, electronic an/or graphic data, hospital records, doctors' records, laboratory records, statements of charges, and any other medical documentation, including my past medical history.

By reason of the fact that such information is confidential to me, you are also requested to treat such information as confidential, and I hereby request that you not furnish any such information to anyone, including insurance adjusters and attorneys, other than Arnold, Harris & Ford, without my written authorization. I hereby revoke any previously dated medical authorization.

I understand I have the right to revoke this authorization at any time. I also understand if I revoke this authorization I must do so in writing. I understand any disclosure of information may be re-disclosed and will not be protected by federal confidentiality rules.

Unless otherwise revoked, this authorization will expire in six months.

Your full cooperation with my attorney is requested.

ALL PRIOR AUTHORIZATIONS ARE HEREBY CANCELED.

Signed this the _12_ day of _August_, 200_4_

PATIENT

Date of Birth:

S.S.#:

_mk/co 9-8-04_

forms/release

C..._ .._.E, Inc.
P.O. Box 1438, San Jose, CA 95109-1438 (800)299-8694

# INVOICE

Invoice Number:      267731- -201105
Medical Record Number: M93875

Date:  09/08/2004

Dear Deborah Baker:

Per your request, enclosed are the medical records forwarded from Port Sanders - Louden, Louden, TN.

**PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE.** A service charge of 1.5% per month (annual rate 18%), except Michigan state, will be charged if not paid within 30 days from the date of this invoice.
Please detach the bottom portion of this invoice and return with your remittance to ChartONE, Inc. to ensure proper credit.

Comments:

Requested by:

Deborah Baker
ARNOLD HARRIS FORD

P O BOX 905
501 MULBERRY ST
LOUDON, TN 27774
(865)458-4301.

POSTED 9-13-04
PAID 9-15-04  2of2

Please make check payable to:

ChartONE, Inc.
P.O. Box 1438
San Jose, CA 95109-1438
(800)299-8694
Federal Tax ID# 94-3360691

Patient:
Category: Attorney
SSN:
Birth Date:
Admission Date:  / /
Requester ID:
Other ID:
TDN/VPN:
Paper Pages:        16
Microfiche Pages:    0
Computer Pages:      0

#1553
453.15
this bill - 26.17

| | |
|---|---|
| Basic Fee: | 15.00 |
| Page Fee: | 8.25 |
| Shipping: | 1.06 |
| Handling: | 0.00 |
| Itemized: | 0.00 |
| Tax: | 1.86 |
| Adjustment: | 0.00 |
| Pre-Payment: | 0.00 |
| **Total Due:** | 26.17 |

**Please return this portion with your payment payable to:**

ChartONE, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

Date: 09/08/2004
Invoice: 267731-1-201105
Patient:
Hospital: Fort Sanders - Louden, Louden TN

Please check box [ ] if cardholder's billing address is different than requester's address and note on the reverse side of this remittance slip.

ARNOLD HARRIS FORD

P O BOX 905
501 MULBERRY ST
LOUDON, TN 27774

Mastercard [ ]      Visa [ ]
Card #
Exp. Date
Name/Signature (Cardholder):
Contact Phone:



JOSEPH H. FORD
ATTORNEY AT LAW
(865) 458-4301
601 MULBERRY ST., P.O. BOX 905
LOUDON, TN 37774-0905

FIRST NATIONAL BANK
LOUDON, TN 37774
67-124/842

1553

9/15/2001

PAY TO THE
ORDER OF   ChartOne, Inc.                                    $ **53.15

Fifty-Three and 15/100 ———————————————————————— DOLLARS

ChartOne, Inc.
P.O. Box 1438
San Jose, CA 95109-1438

MEMO

**Ck#        1553 Date 10/01 Amt            53.15**

## State of Tennessee
## Chancery Court for Knox County, Tennessee

JOSEPH R. FORD, on behalf of himself and all other
individuals and entities similarly situated in the State
of Tennessee,
     Plaintiff,

2005 FEB 17 AM 9: 07

HOWARD G. HOGAN

**CIVIL SUMMONS**

vs.

No. **1103457-1**

SMART DOCUMENT SOLUTIONS, LLC and
CHART ONE, INC.
     Defendants.

To:    **SMART DOCUMENT SOLUTIONS, LLC,** 120 Bluegrass Pkwy, Alpharetta, Georgia 30005,
c/o Registered Agent Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

You are hereby summoned and required to serve upon Gordon Ball, plaintiff's attorney, whose address is
Bank of America Center, 550 W. Main Avenue, Suite 750, Knoxville, TN 37902, an answer to the complaint which
is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of
service, and file a copy of the answer with this Court within 30 days after answer is made. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

Witness, _Howard G. Hogan_ of said Court, at office the
_17th_ in _February_, A.D., 2004.

Issued this 16th day of February 2005, at _____ P.M.

Howard G. Hogan, Clerk & Master

By: _____

Received this _____ day of _____, 20_____.

Sheriff—Deputy Sheriff

## NOTICE

Tennessee law provides a four thousand dollar ($4000.00) personal property exemption from execution or seizure to satisfy a judgment. If a
judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the
items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as
necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to
the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and
school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or
how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20___, I served this summons
together with a copy of the complaint herein as follows: _____

_____

Sheriff—Deputy Sheriff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

# CHANCERY COURT FOR THE STATE OF TENNESSEE
## SIXTH JUDICIAL DISTRICT
## AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH R. FORD, ETC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 163457-1 |
| | ) | |
| SMART DOCUMENT SOLUTIONS, L.L.C., | ) | CLASS ACTION |
| and CHART ONE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED ORDER

Having been advised, as evidenced by the respective signatures of counsel below, that Plaintiff has agreed to extend the time for Defendant Chart One, Inc. ("Chart One"), to file its answer or otherwise responsive pleading in this matter, it is hereby **ORDERED** that Chart One shall have until and including **April 21, 2005**, to file its answer or otherwise responsive pleading in this matter.

**IT IS SO ORDERED** this _____ day of March, 2005.

_____
CHANCELLOR

**Submitted for Entry:**

*Gordon Ball /wrp*
_____
Gordon Ball
BALL & SCOTT
550 West Main Street, Suite 750
Knoxville, TN 37902
(865) 525-7028

*Attorneys for Plaintiff*

_____
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN 37238
(615) 742-6200

*Attorneys for Defendant Chart One, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via first-class U.S. Mail, postage prepaid, on the 17th day of March, 2005, upon the following:

Gordon Ball
BALL & SCOTT
550 West Main Street, Suite 750
Knoxville, TN 37902

Kenneth M. Bryant
MILLER & MARTIN PLLC
150 Fourth Avenue North
Suite 1200
Nashville, TN 37219

W. Brantley Phillips, Jr.

2