UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH R. FORD, et al., )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>HEALTHPORT TECHNOLOGIES, LLC, et al., )<br>    Defendants. ) | No. 3:08-CV-208<br>(Phillips) |

## MEMORANDUM OPINION

This is an action by a plaintiff attorney with other individuals similarly situated in the state of Tennessee against two medical document reproduction companies to recover overcharges in connection with the production of medical record copies. The matter is before the court on plaintiffs' motion to remand [Docs. 5, 9]. Defendants have responded in opposition [Docs. 13, 15]. For the reasons that follow, plaintiffs' motion to remand is **GRANTED.**

The parties have filed extensive briefs pertaining to the motions in which they have fully briefed all of the issues. The court has reviewed the briefs and the record in this case and does not feel that oral argument is necessary. Therefore, defendant's motion for oral argument [Doc. 18] is **DENIED.**

1

## Background

Plaintiff, Joseph R. Ford and others similarly situated in the state of Tennessee, filed this complaint in Chancery Court for Knox County, Tennessee, on February 17, 2005. The complaint asserts a number of claims, which essentially argue that the defendants systematically and unlawfully over charged for copies of medical records. On March 21, 2005, defendant Smart Document timely removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1441 with Chart One's consent. Plaintiffs filed a motion to remand on May 13, 2005. On March 30, 2006, this court concluded that the defendants had failed to establish the requisite amount in controversy and entered an order granting plaintiffs' motion for remand. *See Ford v. Smart Document Solutions,* Civil Action No. 3:05-CV-155 [Doc. 23].

On August 16, 2007, plaintiffs moved the Chancery Court for Knox County for leave to file a second amended class action complaint, attaching a copy of the proposed amended pleading. The Chancery Court granted plaintiff's motion for leave to amend in a ruling from the bench on April 4, 2008. The Chancellor subsequently entered an order on April 22, 2008, granting the motion for leave to amend. Defendants removed this action a second time on May 21, 2008. Plaintiffs have filed a motion for remand, asserting that removal of this action to federal court was procedurally improper, because defendants removed the case beyond the 30-day limitations period prescribed by 28 U.S.C. § 1446.

2

**Analysis**

In every case filed in or removed to federal court, the first and fundamental question is whether the federal court has jurisdiction to hear it. *Douglas v. E.G. Baldwin & Assoc. Inc.,* 150 F.3d 604, 606-07 (6th Cir. 1998); *Sutton v. Stolt-Nielsen Trans. Group, Ltd.,* 2004 U.S. Dist. LEXIS 17098 (E.D.Tenn. May 27, 2004). Because this court is one of limited jurisdiction, its first responsibility is to determine whether jurisdiction exists.

The question before this court centers on the interpretation of the second paragraph of 28 U.S.C. § 1446(b). Under § 1446(b), the notice of removal of a civil action or proceeding must be filed within thirty days after the receipt by defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). If the claim alleged in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.* The time limit in 28 U.S.C. § 1446(b) is mandatory and must be strictly applied. *See Clingan v. Celtic Life Ins. Co.,* 244 F.Supp.2d 1298, 1302 (M.D.Ala. 2003); *Martin v. Monarch Life Ins. Co.,* 1995 WL 127163 (M.D.Fla. 1995). Coupled with the mandatory nature of the time limitations is the fact that the removal statute, and compliance therewith, must be strictly construed in favor of state court jurisdiction and against removal. *Id.* (citing *Production Stamping Corp. v. Maryland Casualty Co.,* 829 F.Supp. 1074 (E.D.Wis. 1993)).

3

The key for determining the date from which the removal clock begins to run is when the defendants are able to "intelligently ascertain removability." *Ardison v. Villa,* 248 F.2d 226, 227 (10th Cir. 1957). The term, "ascertain" has been defined to mean "to find out or learn with certainty." *DeBry v. Transamerica Corp.,* 601 F.2d 4800, 489 (10th Cir. 1999). Accordingly, the issue is – when did defendants learn with certainty that the case had become, in their view, removable? There are three pertinent dates to which the court may look to determine the "trigger" date for defendants' thirty-day removal period, only the latter date can save defendants' removal from being untimely. The court must determine whether the thirty-day period begins to run upon the receipt of the motion to amend the complaint, the granting of the motion by the Chancery Court, or the actual filing of the order memorializing the court's oral ruling.

Plaintiffs first contend that defendants, contrary to § 1446(b) failed to remove the action within thirty days of receiving their motion for leave to amend and proposed second amended class action complaint in August 2007. As plaintiffs point out, a minority of courts have held that a plaintiff's delivery of a motion to amend his complaint triggers § 1446(b)'s thirty-day limitations' period. *See, e.g., Harriman v. Liberian Maritime Corp.*, 204 F.Supp. 205, 206-07 (D.Mass. 1962); *Webster v. Sunnyside Corp.,* 836 F.Supp. 629, 630-31 (S.D.Iowa 1993); *Williams v. Heritage Operating, L.P.,* 2007 WL 2729652 (D.Fla. 2007). Plaintiffs argue that defendants' removal of the action was nine months late under this minority view.

4

However, plaintiffs' position is inconsistent with Tennessee's rules governing amendments to pleadings. Rule 15 of the Tennessee Rules of Civil Procedure provides that "a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court. Thus, a party seeking to amend his complaint for a second time must – as a prerequisite – obtain leave of court to do so. It necessarily follows that, unless and until the trial court grants the motion, a seconded amended complaint may not be officially filed with the court.

As defendants correctly assert, had the Chancery Court not granted plaintiffs' motion to amend complaint, which motion defendants contested, defendants would not have had a basis to remove the action to federal court. Indeed, most courts have rejected the minority view, and have held that § 1446(b)'s thirty-days limitations' period "commences upon either the granting of the motion to amend or the actual filing of the amended complaint." *Douklias v. Teacher's Ins. & Ann. Ass'n,* 35 F.Supp.2d 612 (W.D.Tenn. 1999); *B&B Enterprises of Wilson County v. City of Lebanon,* 442 F.Supp.2d 903 (M.D.Tenn. 2006); *Sullivan v. Conway,* 157 F.3d 1092 (7th Cir. 1998); *Owings v. Deere & Co.,* 441 F.Supp.2d 1101 (S.D.Iowa 2006); *Crump v. Wal-Mart Group Health Plan,* 925 F.Supp. 1214 (W.D.Ky. 1996); *Bolden v. McMillin,* 2006 WL 3694599 (S.D.Miss. 2006). As those courts have aptly reasoned, "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make the case removable" because the possibility remains that the court may, in its discretion, deny the motion. *Id.* Finding this reasoning

5

persuasive, the court rejects the minority approach, and thus, rejects plaintiffs' contention that § 1446(b) required defendants to file their notice of removal upon being served with plaintiff's motion to amend the complaint.

Next, plaintiffs contend that defendants, contrary to § 1446(b), failed to remove the action within thirty days of the Chancellor granting plaintiffs' motion from the bench on April 4, 2008. Several courts adopting the majority approach have held that § 1446(b)'s thirty-day limitations period commences upon the court simply granting the motion to amend the complaint. *See Sullivan,* 157 F.3d 1092. Plaintiffs note that defendants' removal of their complaint was 47 days late under this majority view.

Defendants, on the other hand, assert that, at the earliest, the time for removal under § 1446(b) should commence from the time of the Chancery Court's entry of an order granting the plaintiffs' motion to amend their complaint because "a court speaks only through its orders." *See Evans v. Perkey*, 647 S.W.2d 636, 641 (Tenn.App. 1982). Defendants maintain that the Chancellor's oral ruling granting plaintiffs' motion to amend the complaint is insufficient to trigger the time for removal.

The court, however, concludes that the time for removal under § 1446(b) commenced when the Chancellor orally granted plaintiffs' motion to amend the complaint, not when the order memorializing the oral ruling was entered by the court. To hold otherwise, would be to exalt form over substance. As the Sixth Circuit has opined, the time

6

for removal under § 1446(b) commences "from the date that a defendant has solid and unambiguous information that the case is removable." *Holston v. Carolina Freight Carriers Corp.,* 1991 WL 112809 (6th Cir. June 26, 1991). While defendants contend that the entry of the Chancery Court's order granting plaintiffs' motion to amend gave defendants the requisite information for removal while the court's oral ruling granting that motion did not, such a distinction is unpersuasive.

Last, defendants assert that their notice of removal falls within the Class Action Fairness Act's (CAFA), 28 U.S.C. § 1332(d), *et seq.,* exception to the one-year limit of 28 U.S.C. § 1446.[1] Under this theory, defendants contend that since the amended complaint was filed after the effective date of the act, CAFA applies and the case was properly removed to federal court because the amount in controversy allegedly exceeds $5,000,000. For defendants to take advantage of CAFA's statutory exception to the one-year rule, they must first demonstrate that the second amended complaint commenced a new action after the effective date of CAFA. CAFA applies only to class actions which are

---

[1] Section 1453(b) eliminates the strict prohibition against removing a state court class action more than one year after the action was commenced, a prohibition that is imposed on all other actions by Section 1446(b). Section 1453(b) provides that "the 1-year limitation under Section 1446(b) shall not apply" in the class action context.

CAFA – applicable to actions commenced after February 18, 2005, – provides that federal courts have jurisdiction over all class actions where the amount in controversy exceeds $5,000,000, exclusive of interest and costs, so long as one member of the class is diverse from a defendant. 28 U.S.C. § 1332(d)(2).

7

Case 3:08-cv-00208-TWP-CCS   Document 19   Filed 08/21/08   Page 7 of 10   PageID #: 506

filed on or after February 18, 2005. This action was commenced in the Chancery Court for Knox County on February 17, 2005, the day before CAFA was enacted.

Therefore, in order for CAFA to apply, this court would have to find that plaintiffs' action was recommenced after CAFA's effective date. This issue turns on whether the amended complaint relates back to the original complaint or whether the addition of two class members constitutes the filing of a "new" action. *See Pacific Employers Ins. Co. v. Sav-A-Lot of Winchester,* 291 F.3d 392, 400 (6th Cir. 2002) (noting that a forum state's relation-back law controls the timeliness of amended pleadings filed in state court before removal). Thus, the relation-back determination is made under Tennessee Rule of Civil Procedure 15.03, which requires the court to determine whether the amended complaint "arose out of the conduct, transaction, or occurrence set forth ... in the original pleading."

The two additional named plaintiffs are putative class members whose claims have always been before the court since the action was commenced on February 17, 2005. For purposes of Rule 15.03, the addition of two putative class members is not prejudicial to the defendants, nor has it hindered the defendants' ability to defend this action. Plaintiffs' claims are typical because each class member has "been invoiced for and/or paid monies to defendants without having been informed that they were paying unlawful and improper prices for copies of medical records," and plaintiffs share common factual and legal issues and their interests are not antagonistic. Plaintiffs added no new claims in the

8

second amended complaint and the amended pleading is based entirely on the same set of facts and the same wrong alleged in the original complaint. The second amended complaint merely added two named plaintiffs, whose claims mirror the claims of all other putative class members. Thus, the second amended complaint relates back under Rule 15.03, and does not constitute recommencement of the action. Accordingly, CAFA does not apply and the one-year requirement in 28 U.S.C. § 1446(b) bars removal as untimely.

Because it would undermine judicial economy for plaintiffs' second amended complaint to proceed to final judgment in this court only for the court to learn on appeal that defendants' removal of that complaint was improper, the court will resolve any ambiguity in the scope of § 1446(b)'s limitations' period in favor of remand. In addition, the matter is peculiarly appropriate for state court jurisdiction. Courts of Tennessee are as competent, if not more competent, to resolve these issues rather than the United States District Court. *See Nasco, Inc. v. Norsworthy,* 785 F.Supp. 707, 709 (M.D.Tenn. 1992) (stating that "remand in the ordinary diversity case puts trial in the hands of a state judge experienced in that type of litigation rather than a federal court where diversity cases constitute a minor part of the docket").

**Plaintiff's Claim for Attorney Fees**

District courts have the discretion to award attorney's fees and costs upon remand of an action following removal. *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993). Pursuant to 28 U.S.C. § 1447(c), an order of remand may require

9

payment of costs and attorneys fees incurred as a result of opposing a removal.  Further, fees and costs may be awarded when "fair and equitable under all of the circumstances." *Morris* at 240.  However, the defendants put forth competent, although unavailing, arguments in support of removal.  Therefore, the court, in its discretion, declines to award plaintiff attorney fees and costs.

## Conclusion

For the reasons set forth above, plaintiffs' motion for remand [Docs. 5, 9] is **GRANTED**; plaintiffs' motion for attorney fees is **DENIED**; defendant's motion for oral argument [Doc. 18] is **DENIED**; and defendants' motion to compel mediation [Doc. 3] is **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge